# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Civil Action No. 25-CV-01737

---

**CHRISTINE ETHEREDGE**,

*Plaintiff / Relator*

(Filed under seal pursuant to Address Confidentiality and VAWA)

P.O. Box 150469, Cert. 1288

165 Capitol Ave

Hartford, CT 06115

v.

VIRGINIA BEACH DEPARTMENT OF SOCIAL SERVICES,

CHESAPEAKE DEPARTMENT OF SOCIAL SERVICES,

CURRITUCK COUNTY DSS,

and other Unknown Defendants, Et.AL

*Defendants.*

**MOTION TO AMEND COMPLAINT AND COORDINATE MULTISTATE RELATOR FILINGS:**

COMES NOW, Plaintiff **Christine Etheredge** (filed under seal), and respectfully moves this Honorable Court to grant leave to amend the complaint in **Case No. 25-CV-01737**, and to coordinate the reopening and consolidation of related federal claims previously filed in **Kansas, Wisconsin, Maryland, Missouri, Ohio, Texas, North Carolina, and Virginia**.

This motion is filed pursuant to **Federal Rules of Civil Procedure 15(a), 27, 60(b)(4) and (6), and 65**, as well as the **False Claims Act (FCA), 31 U.S.C. §§ 3729–3733**, and is supported by embedded evidence of fraud upon the court, constitutional violations, judicial misconduct, sealed identity breaches, and systemic failures to protect victims of interstate stalking, trafficking, and child exploitation.



**RECEIVED**

JUL 8 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

The Plaintiff requests that this Court review and consolidate the eight related filings as exhibits and refer the case to the **U.S. Department of Justice** for full investigation and potential intervention under the FCA and relevant federal laws. These filings include unrebutted evidence, admissions of abuse, and failures to act by state and federal officials resulting in the ongoing harm of the Plaintiff and her minor children.

## I. PROCEDURAL BACKGROUND

Plaintiff, **Christine Etheredge**, is a pro se survivor of prolonged interstate stalking, witness tampering, sealed identity violations, and government inaction involving multiple states. Since 2023, Plaintiff has filed related legal actions in at least **eight jurisdictions**—each addressing child protection violations, trafficking, adoption fraud, civil rights denials, and sealed record breaches. These matters have involved multiple agencies, DSS actors, judicial officers, and private individuals acting under color of law or as federal imposters.

Many of these cases were **wrongfully dismissed or never adjudicated on the merits** due to violations of the Address Confidentiality Program (ACP), **failure of courts to provide notice**, and documented **interference, coercion, or fraud**. Several defendants had **pending criminal charges or were under federal or state investigation**, yet state agencies failed to act or obstructed the enforcement of existing protection orders and federal custody rights.

As a result, Plaintiff and her minor children suffered ongoing harm, including:

- Enforced family separation in violation of **custody and protection orders**;

- Destruction of sealed records and court filings;

- Threats and extortion related to over $1 million in seized or misused property and benefits;

- Unlawful surveillance and stalking by impersonators of federal agents;

- Witness intimidation, including targeting of minor children and payments made to coerce false testimony.

This coordinated motion arises from the **lead case filed in the U.S. District Court for the District of Columbia**, where Plaintiff seeks consolidated judicial review and emergency intervention under Rule 65 and the False Claims Act.

Plaintiff asserts that these claims must be reopened under **Rule 60(b)(4) and (6)** due to void judgments, fraud upon the court, and exceptional circumstances affecting liberty, safety, and access to justice. Each prior filing includes corroborating exhibits, transcripts, or audio/video evidence embedded or referenced herein and served under seal to the Department of Justice and appropriate oversight bodies.

## II. JURISDICTION AND LEGAL GROUNDS

This Court has subject matter jurisdiction under:

- **28 U.S.C. § 1331** (federal question jurisdiction),

- **28 U.S.C. § 1345** (United States as real party in interest under the FCA),

- **28 U.S.C. § 1367** (supplemental jurisdiction over related state claims),

- **31 U.S.C. §§ 3729–3733** (False Claims Act – relator provisions),

- **42 U.S.C. §§ 1983, 1985, and 1986** (civil rights and conspiracy violations),

- **18 U.S.C. § 241, § 242, § 1201, § 1512, § 1519, § 1621, § 1623**, and related federal criminal statutes implicated by the facts alleged.

Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)(2)** and under **the doctrine of nationwide jurisdiction** for federal whistleblower, civil rights, and protective relief claims involving multiple federal actors, overlapping harms, and cases impacting the Plaintiff's civil liberties, family integrity, and personal safety.

Relief is sought under the following procedural and statutory grounds:

1. **Federal Rule of Civil Procedure 15(a)** – permitting amendment of pleadings when justice so requires;

2. **Federal Rule of Civil Procedure 60(b)(4) and (6)** – void judgments and extraordinary relief due to fraud, sealed identity violations, stalking, and failure to notify the parties;

3. **Federal Rule of Civil Procedure 27** – preservation of evidence critical to the Plaintiff's life, liberty, and parental rights;

4. **Federal Rule of Civil Procedure 65** – emergency temporary and preliminary injunctions to prevent irreparable harm and continued retaliation;

5. **Federal Rule of Civil Procedure 4(c)(3)** – requiring service by the U.S. Marshals Service due to indigency, safety concerns, and the status of Plaintiff as a crime victim;

6. **False Claims Act (31 U.S.C. § 3730(b))** – authorizing qui tam actions and DOJ intervention upon a relator's showing of fraud, misappropriation of federal funds, or obstruction of justice.

Further legal authority includes:

- **VAWA (42 U.S.C. § 10406(c)(5))** – requiring non-discrimination and procedural protections for domestic violence victims, including those under ACP or federal witness protection;

- **The Interstate Compact on the Placement of Children (ICPC)** – violated in multiple jurisdictions with fraudulent removals and unlicensed actors handling custody;

- **The U.S. Constitution**, including violations of the Due Process Clause, Equal Protection Clause, Supremacy Clause, and the First, Fourth, and Fourteenth Amendments.

## III. SUMMARY OF COORDINATED FILINGS AND GROUNDS FOR RELIEF

Plaintiff respectfully submits the following summary of state-specific filings, each incorporated by reference and attached as Exhibits A through H, in support of this motion to amend and coordinate relief under a consolidated federal review:

---

### A. Etheredge v. Kansas (Exhibit A)

Motion to Reopen and Relator Filing

- Filed due to wrongful dismissal tied to Address Confidentiality Program (ACP) failures and stalking.

- Includes Rule 60(b) motion, relator statement, and service request via U.S. Marshals.

- Highlights stolen identity, forged custody filings, child exploitation, and tampering with DSS records.

---

### B. Etheredge v. Wisconsin (Exhibit B)

- Similar factual pattern involving fraud and concealment of federal jurisdictional rights.

- Multiple sealed violations; request for protective relief under VAWA and Rule 65.

- Charles Etheredge and other actors withheld records and exploited minors for financial benefit.

---

### C. Etheredge v. Maryland (Exhibit C)

- Personal injury and trafficking-related claims involving the abuse of Minor Child 2.

- Defendants include Emily Beebe and William Giron, who conspired to harm the child and obstruct protective actions.

- Currituck County DSS and Chesapeake DSS failed to act after federal referrals and texted threats.

---

**D. Etheredge v. Missouri (Exhibit D)**

- Adoption fraud, unlawful contact by Scott and Kelly Wheeler with sealed family members.

- Violation of closed adoption laws and protective orders; includes stalking of biological family.

- Criminal conduct concealed under pretense of family contact to shield from liability.

---

**E. Etheredge v. Ohio (Exhibit E)**

- Fraudulent estate handling involving the death of Christopher Clemons and concealment of military assets.

- Gregory Currier referenced as proper estate administrator.

- U.S. Army correction boards failed to investigate, and intimidation blocked review or exhumation.

- Property included military gear, records, and proof of false marriage scheme linked to financial theft.

---

**F. Etheredge v. Texas (Exhibit F)**

- Fraud and stalking tied to impersonated federal agents and false nonprofit activity.

- Dave and Mary Parker were reported for IRS nonprofit fraud and orchestrated a fake FBI raid.

- Tanawah Downing admitted to sexual misconduct and theft; tied to Isaac and Melissa Maestas, Larry Pittman, and Otis Burge, who participated in theft and trafficking.

- Burge is also responsible for a straw vehicle purchase and theft of NC property.

---

**G. Etheredge v. North Carolina (Exhibit G)**

- False claims, judicial conflicts, sealed name violations, and ongoing concealment of Plaintiff's children.

- Violations of custody orders, full faith and credit principles, and child protection laws.

- Admitted perjury, misconduct by Justice Riggs, misuse of GAL authority, and unlicensed DSS agents.

- At least six children were unlawfully removed or denied protection; only five are Plaintiff's biological children, with the sixth mishandled by Emily Beebe.

- Ongoing harm includes retaliation, witness intimidation, miscarriage, and permanent disability.

---

**H. Etheredge v. Virginia (Exhibit H)**

- Appeals court brief incorporated, including protective order violations, fraud by Kelly and Scott Wheeler, and sealed identity breaches.

- Evidence includes witness admissions, removal of judges, and federal removal notices ignored.

- Chesapeake and Virginia Beach DSS both complicit; Charles Etheredge's violence, kidnapping, and Navy-linked misconduct formed basis of multiple state and federal referrals.

- Stalking and property fraud linked to coordinated actors across state lines and political networks.

## IV. FALSE CLAIMS ACT AND DOJ REFERRAL JUSTIFICATION

Plaintiff seeks referral of the coordinated filings to the **U.S. Department of Justice** for review and intervention under the **False Claims Act (FCA), 31 U.S.C. § 3729 et seq.**, due to ongoing fraudulent conduct, misuse of federal funds, and retaliatory acts that have directly harmed Plaintiff and her minor children. These harms were **facilitated by government actors and private individuals acting under the guise of official capacity**, and in several cases involved actual or impersonated federal agents.

Under the FCA, the United States has a strong interest in protecting public funds, safeguarding federal programs (including DSS funding, Title IV-E, VAWA, ACP, and ICPC enforcement), and investigating claims of systemic corruption, judicial misconduct, and obstruction of justice. The relator claims in these filings are **not frivolous**, as they are **corroborated by sealed records, admissible witness testimony, direct admissions by defendants, and substantial video/audio documentation**.

In addition to the fraudulent receipt and misuse of federal assistance and benefits, Plaintiff highlights:

- **Impersonation of federal officials** during staged enforcement events (e.g., the false FBI raid in Texas);

- **Forged filings and fraudulent custody claims** submitted across state lines to bypass protective orders;

- **Coerced false statements from minors**, including through payments via Cash App;

- **Unauthorized use of military survivor benefits and property** tied to a deceased veteran's estate;

- **Improper judicial influence and retaliation** by individuals under investigation or with undisclosed conflicts of interest, including Justice Allison Riggs;

- **Destruction of federal records and sealed filings**, including interference with service and U.S. Mail;

- **Sex trafficking and exploitation of the Plaintiff by actors connected to military, judicial, or nonprofit institutions**, now reported to federal law enforcement.

Plaintiff has submitted the current amended motion and each coordinated filing with embedded or attached exhibits to ensure DOJ has sufficient foundation to act pursuant to **31 U.S.C. § 3730(a)–(c)** and Rule 4(c)(3), requesting service by the **U.S. Marshals Service** for all named defendants due to safety risks and retaliation concerns.

## V. REFERENCE TO CONNECTICUT ACTION AND REQUEST FOR COORDINATED RELIEF

In addition to the coordinated federal filings summarized above, Plaintiff respectfully references a related filing currently pending in the **District of Connecticut**, brought by her lawfully married spouse and POA holder on behalf of **Christine Etheredge** (under sealed name) and her minor children. This filing was necessitated due to:

- **Repeated violations of the Address Confidentiality Program (ACP)**;

- **Ongoing safety threats** and targeting of the Plaintiff by individuals impersonating law enforcement or acting under color of law;

- The **need to secure relocation and protective orders** from a centralized jurisdiction known to honor federal protections and to avoid jurisdictional

forum shopping that has plagued prior proceedings.

The Connecticut filing focuses specifically on:

- Emergency **return of three minor children** who were wrongfully removed and concealed through interstate fraud;

- **Prevention of continued stalking, surveillance, and retaliation**, especially as several perpetrators reside or operate from states where local courts failed to act;

- Ensuring **federal protective coordination**, as required by 42 U.S.C. § 10406(c)(5) (VAWA), the Interstate Compact on the Placement of Children (ICPC), and related federal obligations;

- **Enforcement of existing federal protection orders and custody rights**, which were ignored or undermined in North Carolina, Virginia, and Missouri, among others.

Plaintiff respectfully requests that this Court take **judicial notice** of the pending Connecticut matter and issue an order coordinating relief across the D.D.C. and District of Connecticut dockets to:

1. **Prevent duplicative filings and protect sealed information** from further exposure;

2. **Centralize enforcement and oversight** in the District of Columbia, the proper venue for FCA relator actions and constitutional claims involving multistate and federal misconduct;

3. Ensure **continuity of relief**, especially with regard to emergency orders and transfer of custody under federal law;

4. Enable expedited **referral to the Department of Justice**, with shared access to filings and evidence to ensure accountability, protection of minors, and enforcement of whistleblower rights.

As part of the coordination with the District of Connecticut case:

- **Two minor children** are to remain with **Petitioner and her lawful spouse** in accordance with federal protective orders and full faith and credit enforcement. These minors were unlawfully seized but are now in a safe setting, and emergency coordination is requested to protect their placement and provide base housing and federal survivor services.

- **One minor child**, originally placed under a valid **Power of Attorney (POA) with Emily Beebe** (biological mother), is to be returned to her only under federally supervised conditions, due to evidence of prior failure to provide care, co-conspirator conduct, and safety concerns requiring oversight.

- The **remaining three children** were wrongfully removed and trafficked through acts by Kelly Wheeler, Scott Wheeler, and Charles "Brandon" Etheredge. They must be **returned to the Petitioner and her spouse** immediately, in line with prior custody and protection orders, pending criminal charges (wrongfully dismissed), and in light of extensive evidence of misconduct, intimidation, and forced separation.

Plaintiff and her spouse seek to **centralize housing and stabilization in Connecticut**, where coordinated federal oversight and veteran survivor services are available. Federal coordination through this Court is essential to:

- Prevent additional removals or retaliation;

- Safeguard the rights of the Plaintiff, a permanently disabled federal crime victim and whistleblower;

- Facilitate service of process and forensic review of evidence and court systems implicated in the concealment and misuse of judicial authority.

## VI. RELIEF REQUESTED (UPDATED)

WHEREFORE, Plaintiff **Christine Etheredge**, respectfully requests that this Court:

1. **GRANT leave to amend** the current action and incorporate all coordinated filings from Kansas, Wisconsin, Maryland, Missouri, Ohio, Texas, North Carolina, Virginia, and Connecticut, each referenced and included as Exhibits

A through I;

2. **REOPEN all dismissed claims** under Federal Rule of Civil Procedure 60(b)(4) and (6), based on void judgments, fraud upon the court, Address Confidentiality Program (ACP) violations, and extraordinary circumstances affecting Plaintiff's constitutional rights and physical safety;

3. **AUTHORIZE service of process** on all defendants in each coordinated filing by the **U.S. Marshals Service**, pursuant to Rule 4(c)(3), due to ongoing threats, stalking, sealed record breaches, and judicial retaliation;

4. **ISSUE a protective order** to preserve evidence, under **Rule 27**, and to prevent further destruction of records, tampering with federal filings, or surveillance of Plaintiff, her children, or witnesses;

5. **REFER this matter to the following federal authorities** for immediate review and enforcement:

   ○ The **U.S. Department of Justice (DOJ)** for coordinated False Claims Act, civil rights, and whistleblower claims;

   ○ The **Federal Bureau of Investigation (FBI)** for investigation of impersonation of federal officers, trafficking, and multi-state child concealment;

   ○ The **U.S. Department of Defense (DOD)** for Uniform Code of Military Justice (UCMJ) violations by Charles Etheredge and other naval actors;

   ○ **U.S. Attorney Pamela Bondi**, or the relevant supervising official, for referral and oversight under DOJ protocols.

6. **CONSOLIDATE or coordinate** this action with the related Connecticut filing for purposes of centralized relocation, custody enforcement, survivor protections, and judicial oversight;

7. **ORDER return and enforcement of custody of the minors**, as follows:

- ○ Two children to remain with Plaintiff and her spouse in Connecticut;

- ○ One child to be conditionally returned to POA-designated biological mother Emily Beebe under federal oversight;

- ○ Three children to be immediately returned from unlawful removals orchestrated by Kelly Wheeler, Scott Wheeler, and Charles "Brandon" Etheredge;

8. **ORDER the return of all seized or withheld property**, including documentation, devices, identification, and household belongings unlawfully retained by named individuals or state agents. Authorize forensic review of devices and communications held by:

- ○ Clerk of Court offices,

- ○ Departments of Social Services,

- ○ Register of Deeds,

- ○ Currituck County Sheriff's Department and associated parties;

9. **ISSUE such further equitable, declaratory, or injunctive relief** as this Court deems just and necessary under **Rules 27, 60, and 65**, based on:

- ○ Unrebutted evidence of witness tampering,

- ○ Misconduct by judicial officers,

- ○ Misuse of federal and military resources,

- ○ Ongoing safety threats to the Plaintiff and her minor children.

10. **SEAL this filing and all supporting exhibits** to protect the confidentiality of minors, Plaintiff's ACP address, and whistleblower materials, with limited access granted only to this Court, DOJ, and designated investigative authorities.

Respectfully submitted,

I, **Christine Etheredge**, declare under penalty of perjury that the foregoing is true and correct. This declaration is made pursuant to **28 U.S.C. § 1746** in support of this Motion to Reopen, Consolidate, and Refer for DOJ Review under the False Claims Act.

Executed on this 8 day of July , 2025.
Respectfully submitted,

*Christine Etheredge*

**Christine Etheredge**

*Pro se with disability accommodations, ACP protections, and federal referral designation*


### NOTICE OF REFERRAL TO THE U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, DEPARTMENT OF DEFENSE, AND U.S. ATTORNEY PAMELA BONDI FOR URGENT REVIEW, INTERVENTION, AND PROTECTION

*Plaintiff, **Christine Etheredge**, appearing pro se and under seal, respectfully provides this formal notice of referral to the following federal agencies and authorities for immediate review and intervention under applicable constitutional, statutory, and whistleblower protection laws:*

### I. REFERRAL TO THE U.S. DEPARTMENT OF JUSTICE (DOJ)

*Pursuant to the False Claims Act (31 U.S.C. §§ 3729–3733), VAWA, 42 U.S.C. § 1983, and the Civil Rights Act of 1964, Plaintiff requests that the U.S. Department of Justice intervene in this coordinated action involving:*

- *Ongoing **multi-state retaliation** against a whistleblower and disabled crime victim;*

- *Violations of the **full faith and credit** clause relating to custody and protective orders;*

- *Destruction of evidence, judicial misconduct, and court-based fraud;*

- *Use of state actors to suppress constitutionally protected filings.*

## II. REFERRAL TO THE FEDERAL BUREAU OF INVESTIGATION (FBI)

*This case involves criminal matters within the FBI's jurisdiction, including:*

- ***Impersonation of federal agents** in multiple states, including Texas and North Carolina;*

- ***Witness tampering, intimidation, and forced concealment of minors;***

- ***Interstate stalking, cyber surveillance**, and targeting of protected individuals under ACP programs;*

- *Participation in a staged raid and criminal conspiracy involving actors falsely claiming federal authority.*

## III. REFERRAL TO THE DEPARTMENT OF DEFENSE (DOD)

*The case further involves:*

- *Violations of the **Uniform Code of Military Justice (UCMJ)** by Charles Etheredge and other naval-affiliated individuals;*

- ***Rape, hostage-taking**, and abuse of a protected person by a sailor;*

- ***Military fraud and misuse of transitional compensation and survivor funds** under VA and DoD policies;*

- *Ongoing concealment of children linked to military actors and failures of Navy or NCIS protocols to protect survivors.*

## IV. REFERRAL TO U.S. ATTORNEY PAMELA BONDI

*This matter is also referred for discretionary review and potential oversight by U.S. Attorney **Pamela Bondi**, as a representative of the DOJ in high-conflict or nationally sensitive federal relator and protective actions. The issues presented herein include:*

- ***Public corruption***, *manipulation of custody proceedings across jurisdictions;*

- ***Use of nonprofits to evade accountability***, *including ties to IRS fraud referrals;*

- ***Severe harm to minors and vulnerable individuals***, *warranting full federal protection and witness safeguarding.*

## SEALED NOTICE AND REQUEST FOR PROTECTION

*Plaintiff requests that this Notice and all filings in this matter remain **under seal**, per 31 U.S.C. § 3730(b)(2) and federal victim protections, and that immediate protective measures be afforded to:*

- *The **Plaintiff**,*

- *Her **lawful spouse and power-of-attorney holder**,*

- *Her **six minor children**, including those wrongfully removed and trafficked,*

- *Named **witnesses** facing ongoing intimidation or targeting.*

*Respectfully submitted under penalty of perjury,*
 ***Christine Etheredge***

*Christie Etheredge*

*Filed under Seal*
*ACP Participant | Permanently Disabled Crime Victim*

*U.S. District Court – District of Columbia*
*Case No. 25-CV-01737*

### CERTIFICATE OF SERVICE (Filed Under Seal)

I, **Christine Etheredge**, *hereby certify under penalty of perjury that on this day, I served the attached:*

- **Amended Motion to Reopen Priorly Dismissed Action**,

- **Notice of Federal Referral to DOJ, FBI, DOD, and U.S. Attorney Pamela Bondi**,

- **Coordinated Filings and Exhibits A–I**,

- **Request for Protective Relief and Injunctive Orders**,

*on the following parties, **under seal** and in compliance with Court rules and Address Confidentiality Program protections:*

1. **U.S. Department of Justice – Civil Division**
   *950 Pennsylvania Avenue, NW*
   *Washington, D.C. 20530*
   *[Electronically served via court system or sealed government channel]*

2. **Federal Bureau of Investigation (FBI)**
   *Criminal Investigative Division*
   *935 Pennsylvania Avenue, NW*
   *Washington, D.C. 20535*
   *[Referred under emergency sealed correspondence]*

3. **Department of Defense – Office of Inspector General**
   *4800 Mark Center Drive*
   *Alexandria, VA 22350*
   *[Notified under sealed protective order and by electronic summary]*

4. **U.S. Attorney Pamela Bondi** *(or assigned DOJ senior attorney)*
   *[Filed for referral and enforcement via appropriate DOJ referral channel]*

5. ***Clerk of Court – U.S. District Court for the District of Columbia***
   *ECF Filing & Confidential Processing Division*
   *333 Constitution Avenue NW*
   *Washington, D.C. 20001*

   *[ emailed per the DCD system per the accommodations]*

*All service is being completed **electronically** and/or by **authorized sealed mailing protocols** due to the sensitive and confidential nature of this case, including active threats to the Plaintiff and minor children.*

*Executed on this 8 day of **July 2025***
*Respectfully submitted,*



**/s/ Christine Etheredge**
*Christine Etheredge*
*Filed under Seal*
*ACP Protected Address (on record)*
*Pro se Litigant | Permanently Disabled Crime Victim*
*U.S. District Court – District of Columbia*
*Case No. 25-CV-01737*

**Re: Sealed Filing – Motion to Reopen and Coordinate Dismissed Actions, Emergency Relief, and DOJ Referral**
 **Case No. 25-CV-01737 (Christine Etheredge v. [List of Defendants])**

To the Honorable Clerk of Court:

Please accept for filing the enclosed documents under seal in the above-captioned matter. Pursuant to Rule 60(b), Rule 27, and related emergency provisions, this filing seeks:

- Reopening of dismissed coordinated actions;

- Transfer and consolidation of related matters under existing federal protections;

- Emergency protective relief and preservation orders;

- Referral to the U.S. Department of Justice, FBI, DOD, and U.S. Attorney Pamela Bondi for ongoing violations, public corruption, and harm to a protected victim and minors.

These filings are submitted by a pro se litigant and whistleblower with relator standing under the False Claims Act and protections under VAWA, ADA, and the Address Confidentiality Program (ACP). The attached materials include declarations under penalty of perjury, detailed multi-state allegations, and motions that incorporate previous exhibits and evidence on record.

Petitioner respectfully requests that the filings remain sealed and be processed in coordination with the Court's protocols for sensitive and relator-related materials. Please notify the undersigned of any deficiencies or required follow-up.

Thank you for your attention to this urgent and sensitive matter.

Respectfully submitted,

*Christine Etheredge*

**/s/ Christine Etheredge**
Christine Etheredge
Plaintiff, Relator, and Protected Crime Victim
ACP Address on File

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Christine Etheredge**,
Plaintiff,
v.
[List of Coordinated Defendants]
**Case No. 25-CV-01737**

---

## NOTICE REGARDING ADDITIONAL VICTIMS HELD UNDER SEAL FOR DOJ REVIEW

**Filed Under Seal – Relator & VAWA Protections Invoked**

To the Clerk and to any assigned judicial officer:

Petitioner hereby notifies the Court that she maintains a **sealed, confidential record of additional victims** and witnesses who have suffered similar or related harms arising from the same actors, schemes, and coordinated acts described in this matter.

This confidential list is being **preserved for submission directly to the Department of Justice**, as part of the relator's ongoing cooperation and in accordance with her pro se federal filings under the **False Claims Act, the Violence Against Women Act, the ADA, and other applicable federal statutes**.

Petitioner respectfully requests that this Notice be retained under seal, and that the existence of corroborating witnesses and survivors be considered in any coordination, protective relief, or federal referral related to this matter.

No names or identifying information are included in this filing to protect all parties' safety and pending law enforcement review. The Petitioner reserves the right to submit these individuals' declarations and evidence under seal as needed in future proceedings.

Respectfully submitted,

*Christine Etheredge*

**/s/ Christine Etheredge**

Christine Etheredge

Plaintiff, Relator, and Protected Crime Victim

Date: July 8, 2025

ACP Address on File

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Christine Etheredge**,
Plaintiff,
v.
[List of Coordinated Defendants]
**Case No. 25-CV-01737**

# NOTICE OF REFERRAL TO THE U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, U.S. DEPARTMENT OF DEFENSE, AND U.S. ATTORNEY PAMELA BONDI

**(Filed Under Seal – Relator, VAWA, and ACP Protections Invoked)**

COMES NOW the Petitioner, **Christine Etheredge**, and hereby notifies the Court that the claims, coordinated filings, and supporting documentation filed in this matter have been referred or are pending referral to the following federal entities for **urgent investigation and intervention**:

## I. REFERRED AUTHORITIES

1. **U.S. Department of Justice (DOJ)**

    ○ Civil Division, False Claims Act Unit

    ○ Civil Rights Division (VAWA, ADA, § 1983)

    ○ Office for Access to Justice

2. **Federal Bureau of Investigation (FBI)**

    ○ Civil Rights and Public Corruption Divisions

    ○ Victim Services Division

    ○ Interstate Stalking and Organized Crime Task Forces

3. **U.S. Department of Defense (DOD)**

    ○ Naval Criminal Investigative Service (NCIS)

- ○ Inspector General's Office

- ○ Family Advocacy Program and Military Whistleblower Reprisal Division

4. **U.S. Attorney Pamela Bondi (Special Appointee, DOJ Collaborator)**

   - ○ For acknowledgment of whistleblower status and prosecution referral

## II. SCOPE OF REFERRAL

This notice pertains to:

- **Multi-jurisdictional misconduct** involving family court actors, state officials, military personnel, and nonprofit actors;

- **Witness intimidation**, forced fraud, kidnapping, trafficking, identity theft, and military benefit theft;

- **False marriage and impersonation of federal officials**, resulting in the concealment and endangerment of multiple minor children;

- **Coordinated failures across state systems** (VA, NC, TX, MO, OH, MD, WI, KS, CT) that have violated:

  - ○ The **Violence Against Women Act (VAWA)**

  - ○ The **Americans with Disabilities Act (ADA)**

  - ○ The **False Claims Act (FCA)**

  - ○ Multiple federal criminal statutes under 18 U.S.C., including §§ 241, 242, 1201, 1341, and 1512.

## III. BASIS FOR REFERRAL

Petitioner has invoked **relator protections** under the **False Claims Act**, and maintains sealed records of:

- Additional victim testimony,

- Active obstruction,

- Fraudulent disbursement schemes, and

- Suppressed evidence by state actors under color of law.

Petitioner respectfully requests the Court recognize this referral as part of the coordinated emergency relief requested and that a copy of this Notice be preserved under seal for official acknowledgment by the above-named federal agencies.

Respectfully submitted under seal,

*Christine Etheredge*

**/s/ Christine Etheredge**
Christine Etheredge
Plaintiff, Relator, and Protected Crime Victim
ACP Protected Address
Dated: July 8, 2025

## SEALED NOTICE OF FEDERAL REFERRAL AND REQUEST FOR DESIGNATION OF DOJ AND DOD WHISTLEBLOWER COORDINATORS

**(Pursuant to 31 U.S.C. §§ 3729–3733, 42 U.S.C. §§ 12203, 42 U.S.C. § 10607, and Applicable Military and Civil Rights Protocols)**

COMES NOW Petitioner, **Christine Etheredge**, under seal, and provides this formal **Notice of Federal Referral** to the following federal oversight bodies in connection with the present coordinated litigation and whistleblower filings:

## I. FEDERAL AUTHORITIES PLACED ON NOTICE

Petitioner hereby notifies this Court that the entirety of the claims, exhibits, and coordinated emergency filings—spanning eight state jurisdictions—have been referred or are pending formal intake by:

1. **United States Department of Justice (DOJ)**

   - Civil Rights Division

   - False Claims Act (Relator Unit)

   - Office for Access to Justice

   - Whistleblower Protection Coordinator

2. **Federal Bureau of Investigation (FBI)**

   - Public Corruption and Civil Rights Divisions

   - Interstate Stalking and Human Trafficking Task Forces

   - Victim Services Division

3. **United States Department of Defense (DOD)**

   - Inspector General's Office

   - NCIS (Naval Criminal Investigative Service)

- ○ Family Advocacy Program

- ○ Whistleblower Reprisal Division

4. **U.S. Attorney Pamela Bondi**

   - ○ Special Federal Appointee (Former AG), notified as liaison for whistleblower coordination and potential enforcement

## II. REQUEST FOR COORDINATOR DESIGNATION AND RESPONSE TIMELINE

Petitioner respectfully requests the designation of:

- A **DOJ Whistleblower Coordinator** to initiate direct communication under **31 U.S.C. § 3730(h)** and protective protocols, and

- A **DOD Whistleblower Reprisal Officer** under **10 U.S.C. § 1034** to ensure review of military-connected retaliation, impersonation, and oversight failures.

Petitioner requests written acknowledgment of this sealed referral within **30 days** pursuant to standard federal practice or a responsive action plan consistent with emergency protection rights under:

- **42 U.S.C. § 12203 (ADA retaliation)**

- **42 U.S.C. § 10607 (crime victim rights)**

- **18 U.S.C. §§ 241, 242, 1512, and 1513 (obstruction and retaliation crimes)**

## III. SUPPORTING BASIS FOR REFERRAL

Petitioner has submitted sealed evidence demonstrating:

- Multi-state judicial fraud, stalking, identity theft, and trafficking of children and a disabled survivor;

- Suppression of protective orders, false criminal allegations, and weaponization of the courts;

- Misappropriation of military survivor benefits and impersonation of federal agents in multiple jurisdictions;

- Conflicts of interest involving state and federal actors, including prior and current DOJ personnel.

Petitioner holds additional evidence, names of other victims, and whistleblower declarations **pending direct coordination** with assigned federal entities. These will be released only under protective review.

Respectfully submitted under seal,

*Christine Etheredge*

**/s/ Christine Etheredge**
Christine Etheredge
Plaintiff and Relator
ACP-Protected Address on File
Dated: July 8, 2025

# UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**CHRISTINE ETHEREDGE**,
 Plaintiff/Relator,
 v.
 **STATE OF KANSAS et al.,**
 Defendants.
 Civil Action No. 25-CV-01737 (consolidated)

# MOTION TO REOPEN PRIORLY DISMISSED ACTION IN THE DISTRICT OF KANSAS PURSUANT TO FED. R. CIV. P. 60(b)(4), (6); MOTION FOR SERVICE BY U.S. MARSHALS, RULE 27 PRESERVATION, AND EMERGENCY PROTECTIVE RELIEF

COMES NOW Plaintiff and Relator, **Christine Etheredge**, and respectfully moves this Court to reopen and consolidate the improperly dismissed action filed as *Etheredge v. Kansas, et al.*, Case No. 2:23-cv-02333, originally brought in the U.S. District Court for the District of Kansas.

This motion is made pursuant to **Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6)**, and seeks:

1. Vacatur of any recommendation, dismissal, or procedural closure from the District of Kansas;

2. Order of service of the original complaint via the **U.S. Marshals Service** under Rule 4(c)(3);

3. Preservation of evidence pursuant to **Rule 27**;

4. Emergency injunctive relief under **Rule 65** due to retaliation, tampering, and child endangerment;

5. Judicial consolidation under the active docket in the District of Columbia for coordinated review.

---

# I. PROCEDURAL HISTORY AND JURISDICTION

Plaintiff filed suit in the District of Kansas on **July 31, 2023**, alleging systemic misconduct by state actors, private placement agencies, and judicial officials relating to **human trafficking, child exploitation, and obstruction of justice** under various federal statutes, including:

- 18 U.S.C. §§ 1001, 1018, 1593, 1596, 1028, 1031, and 77;

- Violations of due process and civil rights under 42 U.S.C. §§ 1983 and 1985;

- Failures to properly protect children under federal child welfare law and CAPTA;

- Improper use of the **Interstate Compact on the Placement of Children (ICPC)** in a manner constituting fraud and domestic trafficking.

Plaintiff proceeded **in forma pauperis**, and no summons was ever issued. On or about **August 21, 2023**, a recommendation to dismiss was entered. Plaintiff received no proper notice, and no objection was filed due to interference with her Address Confidentiality Program (ACP) address, as well as ongoing intimidation and stalking.

---

# II. GROUNDS FOR REOPENING

## A. Void Judgment Under Rule 60(b)(4)

The judgment was procedurally **void** due to the failure of the Clerk or Court to issue a summons and the lack of constitutionally adequate notice to Plaintiff.

## B. Extraordinary Circumstances Under Rule 60(b)(6)

Plaintiff was and is an ACP-protected individual fleeing stalking and retaliation. She was actively denied access to court and intimidated through:

- Witness tampering;

- Gang-stalking;

- Exploitation of her children to suppress litigation;

- Threats of retaliation from court personnel and state-affiliated actors.

**C. Service by U.S. Marshals Required Under Rule 4(c)(3)**

Because Plaintiff is pro se and indigent, the U.S. Marshals Service must serve the original complaint on the Kansas defendants to cure service defects.

**D. Preservation of Evidence Under Rule 27**

Tampering and concealment of records have occurred. Testimony, files, and communications must be preserved under court order to prevent further spoliation.

**E. Emergency Injunctive Relief Under Rule 65**

Plaintiff and her children face ongoing harm and retaliation. Protective measures are essential to prevent continued deprivation of access to justice and safety.

## III. RELATOR CLAIMS AND DOJ INTEREST

Plaintiff is filing this motion and accompanying materials as a **relator under the False Claims Act**, 31 U.S.C. § 3729 et seq., and seeks DOJ review of systemic fraud involving:

- Misuse of federal and foster-care funding;

- Fraudulent child placements and adoption procedures;

- Forged or altered legal records used to procure federal reimbursements.

All supporting evidence is submitted under seal with this motion in accordance with **31 U.S.C. § 3730(b)**.

## IV. DECLARATION OF CHRISTINE ETHEREDGE

I, **Christine Etheredge**, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the Plaintiff and original filer in *Etheredge v. Kansas*, 2:23-cv-02333.

2.  I did not receive notice of any recommendation or order due to my protected ACP status and active retaliation from parties involved in that case.

3.  No summons was ever issued, and no opposition was possible due to stalking, isolation, and witness intimidation.

4.  My children have been exploited as leverage to prevent whistleblowing and the exposure of adoption and custody-related fraud.

5.  The Kansas court failed to meet procedural requirements, and dismissal occurred in violation of my constitutional rights.

6.  I request that the D.D.C. Court reopen and consolidate the Kansas matter, preserve all associated evidence, and refer this case to the Department of Justice for formal FCA intervention.


I, **Christine Etheredge**, declare under penalty of perjury that the foregoing is true and correct. This declaration is made pursuant to **28 U.S.C. § 1746** in support of this Motion to Reopen, Consolidate, and Refer for DOJ Review under the False Claims Act.

Executed on this 8 day of July , 2025.
Respectfully submitted,


*Christine Etheredge*

**Christine Etheredge**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CHRISTINE ETHEREDGE**,
Plaintiff/Relator,
v.
**STATE OF WISCONSIN et al.**,
Defendants.
Civil Action No. 25-CV-01737 (consolidated)

---

# MOTION TO REOPEN PRIORLY DISMISSED ACTION IN THE EASTERN DISTRICT OF WISCONSIN PURSUANT TO FED. R. CIV. P. 60(b)(4), (6); MOTION FOR SERVICE BY U.S. MARSHALS, RULE 27 PRESERVATION, AND EMERGENCY PROTECTIVE RELIEF

COMES NOW Plaintiff/Relator **Christine Etheredge**, appearing pro se and in forma pauperis, and hereby moves this Court to reopen and consolidate the improperly dismissed case, *Etheredge v. State of Wisconsin, 2:23-cv-01023* (E.D. Wis.), as part of D.D.C. docket **25-CV-01737**, for coordinated federal review and Department of Justice consideration.

## I. PROCEDURAL & FACTUAL BACKGROUND

On **July 14, 2023**, Plaintiff filed her complaint in E.D. Wis., alleging:

- **Human trafficking and interstate custody fraud** via Wisconsin's Department of Children and Families and contracted placement agencies.

- **Misuse of federal and state child welfare funds**, including Title IV-E subsidies.

- **Witness tampering, gang-stalking**, and intimidation of Plaintiff and Minor Children 1 & 2 through Wisconsin court officials.

- **Suppression of evidence and interference** with ACP protections, leading to lack of service and no opportunity to respond.

Plaintiff's IFP status was granted, but no summons was ever issued. A dismissal (or inactivity status) was entered without providing Plaintiff notice, due in part to her ACP address being sealed and active efforts by Wisconsin actors to block service of court documents.

## II. GROUNDS FOR REOPENING

### A. Rule 60(b)(4): Void Judgment

The default action in Wisconsin is void for failure to comply with service requirements and due process, particularly given the Plaintiff's protected ACP status.

### B. Rule 60(b)(6): Extraordinary Circumstances

The combination of ACP abuse, organized stalking, intimidation, and child exploitation constitute extraordinary circumstances warranting relief.

### C. Service by U.S. Marshals Permitted

Pursuant to Fed. R. Civ. P. 4(c)(3), Plaintiff requests marshals service to cure service failures and ensure all original defendants are properly served.

### D. Evidence Preservation under Rule 27

Evidence remains at risk of tampering. Wisconsin court filings, agency correspondence, and financial records must be secured.

### E. Emergency Injunctive Relief under Rule 65

Immediate injunctive measures are needed to prevent ongoing exploitation of Minor Children 1 & 2 and further obstruction of justice.

## III. FCA RELATOR ALLEGATIONS & DOJ RELEVANCE

Plaintiff is submitting this motion as part of her **relator disclosure** under the False Claims Act, 31 U.S.C. § 3730(b). The centralized allegations include:

- **Institutional use of children as financial assets**, with federal IV-E funds misappropriated through covert custody placements.

- **Fraudulent billing and misrepresentation** to Wisconsin and federal welfare programs.

- **Complicity of judges, court clerks, and DCF officials**—some under inquiry for corruption—whose actions denied Plaintiff due process while protecting state-funded misconduct.

All related evidence is submitted under seal for DOJ review.

## IV. DECLARATION OF CHRISTINE ETHEREDGE

I, **Christine Etheredge**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct:

- No summons issued and no notice received due to ACP and active retaliation;

- Continued threats and intimidation by Wisconsin court staff and officials;

- Use of Minor Children 1 & 2 for profit and suppression of evidence;

- Request to vacate any dismissal, serve via marshals, preserve evidence, and enjoin further harm;

- Refer all submitted materials to DOJ for investigation under FCA relator provisions.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Vacate the Wisconsin dismissal and its effects;

2. Order proper service of all original complaints via U.S. Marshals;

3. Preserve all records, filings, and evidence in Wisconsin;

4. Issue necessary protective and emergency relief;

5. Include this pleading in D.D.C. 25-CV-01737 for consolidated federal oversight; and

6.  Forward sealed documents to DOJ for possible intervention.


I, **Christine Etheredge**, declare under penalty of perjury that the foregoing is true and correct. This declaration is made pursuant to **28 U.S.C. § 1746** in support of this Motion to Reopen, Consolidate, and Refer for DOJ Review under the False Claims Act.

Executed on this 8 day of July , 2025.
Respectfully submitted,


**Christine Etheredge**

# UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**CHRISTINE ETHEREDGE**,
 Plaintiff/Relator,
 v.
 **STATE OF MARYLAND et al.**,
 Defendants.
 Civil Action No. 25-CV-01737 (consolidated)

---

# MOTION TO REOPEN PRIORLY DISMISSED ACTION IN THE DISTRICT OF MARYLAND PURSUANT TO FED. R. CIV. P. 60(b)(4), (6); MOTION FOR SERVICE BY U.S. MARSHALS, RULE 27 PRESERVATION, AND EMERGENCY PROTECTIVE RELIEF

COMES NOW Plaintiff and Relator **Christine Etheredge**, and respectfully moves this Court to reopen and consolidate the improperly dismissed or unresolved matter *Etheredge v. State of Maryland*, as part of D.D.C. consolidated proceedings under Case No. 25-CV-01737. This motion is supported by new evidence, failure of notice, and violations of constitutional and statutory rights requiring emergency review and preservation of evidence.

## I. PROCEDURAL BACKGROUND & STALKING-RELATED FACTS

Plaintiff filed suit following **interstate stalking, personal injury**, and **failure to prosecute sexual crimes** reported to Maryland authorities. The relevant facts include:

- **Minor Lily Etheredge** and Plaintiff were stalked and injured during time spent in Maryland by a known perpetrator, **Charles Etheredge**;

- The minor disclosed **sexual abuse by Charles Etheredge**, which was recorded and acknowledged but never resulted in criminal charges;

- Plaintiff and the minor sought safety in Maryland, yet authorities failed to provide any protective relief, despite existing ACP protections and federal mandates;

- The location and events in Maryland involved known **co-conspirators**:

  - **Emily Beebe**, biological mother of Minor Lily Etheredge, who was present and aware of the abuse;

  - **William Giron**, a witness and potential co-conspirator who met Plaintiff in Maryland and was linked to subsequent efforts to obstruct reporting and civil filings.

This pattern of abuse was directly reported to **Currituck County DSS (North Carolina)** and **Chesapeake DSS (Virginia)**, both of whom failed to act after receiving **threatening text messages and documented danger** concerning the Maryland incidents.

## II. GROUNDS FOR RELIEF

### A. Rule 60(b)(4): Void Action or Non-Appearance

No final judgment was entered, and if one occurred, it would be **void** due to Plaintiff's lack of notice and Maryland's failure to act on known threats and ACP conflicts.

### B. Rule 60(b)(6): Extraordinary Circumstances

This includes child sexual abuse, witness tampering, non-prosecution despite admissions, and attempted silencing of a federally protected whistleblower. The denial of enforcement despite active text-based threats constitutes **gross procedural failure**.

### C. Rule 4(c)(3): Service by U.S. Marshals

Plaintiff seeks marshals service to cure defective or nonexistent service in the original action, due to sealed address and safety concerns.

### D. Rule 27: Preservation of Evidence

Plaintiff requests court-ordered preservation of:

- Text messages and witness statements about the Maryland assault;

- DSS reports and records from Chesapeake and Currituck;

- Agency and hospital communications tied to sexual abuse disclosures.

## E. Rule 65: Emergency Injunctive Relief

Plaintiff requests immediate federal protection to prevent further retaliatory acts, misuse of sealed identities, or manipulation of Minor Children 1 & 2 or Minor Lily Etheredge.

# III. FEDERAL INTEREST & FCA RELATOR NOTICE

This motion is incorporated as part of a broader federal relator action under **31 U.S.C. § 3730**, seeking DOJ intervention into a national pattern of:

- **Failure to act on sexual abuse reports** involving federal programs;

- **Improper shielding of abusers** through DSS and judicial misconduct;

- **Exploitation of minor children for financial gain** through forced placements and unlicensed custody transfers;

- **Cross-state collusion** between agencies despite known federal risk flags.

This case is also linked to documented **coercion and obstruction of justice** in multiple filings now consolidated under D.D.C. jurisdiction.

# IV. DECLARATION OF CHRISTINE ETHEREDGE

I, **Christine Etheredge**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I filed claims and reports in Maryland regarding stalking, personal injury, and sexual abuse of Minor Lily Etheredge;

2. I never received protective relief or prosecution of Charles Etheredge, despite confirmed abuse disclosures and witness corroboration;

3. I suffered retaliation and stalking as a result of attempting to report these crimes;

4. I affirm that Emily Beebe and William Giron were present during key events in Maryland and engaged in or enabled actions which suppressed justice;

5. Currituck County, NC, and Chesapeake, VA were notified of the Maryland-related threats and failed to act;

6. I request that this Court reopen this matter, consolidate it in the District of Columbia, and refer the case to DOJ for review as part of my ongoing relator filing.

I, **Christine Etheredge**, declare under penalty of perjury that the foregoing is true and correct. This declaration is made pursuant to **28 U.S.C. § 1746** in support of this Motion to Reopen, Consolidate, and Refer for DOJ Review under the False Claims Act.

Executed on this 8 day of July , 2025.
 Respectfully submitted,

*Christine Etheredge*

**Christine Etheredge**


## V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Reopen and consolidate all claims from *Etheredge v. Maryland*;

2. Order U.S. Marshals Service to serve any unserved complaints;

3. Preserve all digital and agency records under Rule 27;

4. Issue emergency protective relief under Rule 65;

5. Refer this case and its attached sealed exhibits to the Department of Justice under FCA and VAWA protections.

**UNITED STATES DISTRICT COURT**

FOR THE DISTRICT OF COLUMBIA

**CHRISTINE ETHEREDGE**,
 Plaintiff/Relator,
 v.
**STATE OF MISSOURI et al.**,
 Defendants.
 Civil Action No. 25-CV-01737 (consolidated)

---

**MOTION TO REOPEN DISMISSED ACTION FROM THE WESTERN DISTRICT OF MISSOURI PURSUANT TO FED. R. CIV. P. 60(b)(4), (6); MOTION FOR SERVICE BY U.S. MARSHALS, RULE 27 PRESERVATION, AND EMERGENCY RELIEF**

COMES NOW Plaintiff and Relator **Christine Etheredge**, appearing pro se and in forma pauperis, and respectfully moves this Court to reopen and consolidate her prior case *Etheredge v. State of Missouri, 2:23-cv-04150* (W.D. Mo.) under Case No. 25-CV-01737 (D.D.C.), and to refer related claims to the U.S. Department of Justice under the False Claims Act and related federal protections.

**I. FACTUAL BACKGROUND & UNLAWFUL INTERFERENCE**

Plaintiff brings this motion on the basis of facts arising out of Missouri and relating to broader patterns of stalking, identity fraud, adoption interference, and exploitation of minors. Specifically:

- In 2023, Plaintiff filed suit in the Western District of Missouri. No meaningful response, summons, or protection was issued. The case was dismissed without full adjudication, likely due to ACP barriers, sealed name restrictions, and cross-jurisdictional intimidation.

- **Charles Etheredge** unlawfully located and stalked Plaintiff's **biological family in Missouri**, despite knowledge that the family was protected under sealed **closed adoption records**. This contact constituted a violation of longstanding privacy and safety protections.

- **Scott Wheeler** and **Kelly Wheeler**—non-biological relatives—**breached the sealed adoption framework** by disclosing or exploiting protected information to interfere with the Plaintiff's relationship to her biological family and to obstruct child custody proceedings.

- These acts were carried out **in violation of protection orders and federal full faith and credit principles**. They also constitute:

  - Felony **interstate stalking**

  - Abuse of adoption records

  - Retaliatory interference with civil rights

  - Exploitation of minor children to shield co-conspirators from accountability

## II. GROUNDS FOR RELIEF

### A. Rule 60(b)(4) – Void Action

The dismissal of Plaintiff's Missouri complaint is void due to lack of service, notice failures, and improper denial of judicial review under circumstances of active witness tampering and stalking.

### B. Rule 60(b)(6) – Extraordinary Harm

This case involved extraordinary acts of:

- Identity exploitation;

- Targeting of Plaintiff's **sealed biological family**;

- Misuse of minor children to obstruct justice;

- Ongoing harassment across multiple states.

### C. Rule 4(c)(3) – Marshals Service

Plaintiff requests U.S. Marshals Service to ensure lawful service of all original parties.

**D. Rule 27 – Evidence Preservation**

The Court should issue an order preserving:

- Closed adoption documents;

- Text communications and proof of stalking;

- Records of contact initiated by Scott and Kelly Wheeler;

- All relevant Missouri DSS or court filings.

**E. Rule 65 – Emergency Relief**

Plaintiff seeks federal emergency protection and consolidation to prevent further harm and ensure proper review

**III. DOJ & FCA REFERRAL**

This motion is filed under **31 U.S.C. § 3730(b)** as part of Plaintiff's **whistleblower and relator filing**, now consolidated under D.D.C. supervision. The Missouri section relates to broader fraud, abuse, and child exploitation claims and seeks referral to the Department of Justice for investigation and possible intervention.

**IV. DECLARATION OF CHRISTINE ETHEREDGE**

I, **Christine Etheredge**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I filed a civil action in Missouri that was dismissed without meaningful notice or resolution;

2. My biological family in Missouri is under adoption protection and full faith enforcement, which were violated when Charles Etheredge unlawfully contacted and stalked them;

3. Scott and Kelly Wheeler violated closed adoption protocols and weaponized protected information to harm me and my children;

4. These acts resulted in stalking, witness tampering, and exploitation of minor children;

5. I never received service, adequate notice, or protection in the Missouri matter;

6. I respectfully request that this case be reopened, consolidated in D.D.C., referred for DOJ review, and afforded emergency protection.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Vacate any dismissal or inaction by the Western District of Missouri;

2. Order U.S. Marshals Service for proper delivery of filings;

3. Preserve sealed records, communications, and adoption-related files;

4. Issue injunctive relief under Rule 65;

5. Refer this filing to DOJ as part of the broader FCA relator action now before this Court.

I, **Christine Etheredge**, declare under penalty of perjury that the foregoing is true and correct. This declaration is made pursuant to **28 U.S.C. § 1746** in support of this Motion to Reopen, Consolidate, and Refer for DOJ Review under the False Claims Act.

Executed on this 8 day of July , 2025.
 Respectfully submitted,

Christine Etheredge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CHRISTINE ETHEREDGE**,
Plaintiff/Relator,
v.
**STATE OF OHIO et al.**,
Defendants.
Civil Action No. 25-CV-01737 (consolidated)

---

## MOTION TO REOPEN PRIORLY DISMISSED CASE FROM OHIO

PURSUANT TO RULE 60(b)(4), (6);
MOTION FOR PRESERVATION UNDER RULE 27;
REQUEST FOR SERVICE BY U.S. MARSHALS;
AND RELATOR NOTICE UNDER FCA

# I. FACTUAL BACKGROUND

Plaintiff submits this motion based on the following facts:

- The death of **Christopher Clemons**, a service member tied to Plaintiff's family, involved serious and suspicious circumstances and a potential wrongful death that was never properly investigated.

- The **estate of Christopher Clemons**, managed in Ohio, was never properly adjudicated, and remains unresolved.

- Additional **estates under the Clemons family name** in Ohio appear linked to improper handling and suppression.

- **Janice Clemons' husband**, who had served as executor of one of the estates, is now deceased, leaving records unpreserved and creating a need for reassignment.

- Plaintiff asserts that **Gregory Currier** must take over legal duties for **Colton Wheeler's estate**, in light of estate fraud and conflicts involving individuals named Wheeler.

- Property belonging to the Plaintiff and her husband (a military servicemember) was unlawfully taken or not returned, including:

  - Military gear

  - A military footlocker

  - Three wedding sets, & **Tiffany & Co necklace with a mjolnir charm and helm charm.**

  - Other military-related jewelry and memorabilia

## ADDITIONAL FINANCIAL CONNECTIONS

- **Charles Etheredge's Veterans Affairs (VA) claims** appear tied to **estate-related funding and financial flows**.

- **Gregory Currier's accounts in Georgia** and through **Edward Jones investment services** are implicated in the misuse of financial and beneficiary data.

# II. WITNESS INTIMIDATION & FAILURE TO INVESTIGATE

- Plaintiff and others connected to the Clemons and Wheeler estates were subject to **witness intimidation**, stalking, and retaliation.

- False reports were manufactured to block investigations into the suspicious death and to prevent estate recovery.

- Despite repeated requests, **Army Correction Boards failed to reopen the case**, to exhume remains, or to conduct a proper forensic investigation.

# III. GROUNDS FOR RELIEF

**A. Rule 60(b)(4) – Void Judgment or Dismissal**
No proper service, adjudication, or closure was issued in prior attempts to raise these issues. Any dismissal must be deemed **void** for lack of access, sealed identity violations, and jurisdictional failures.

**B. Rule 60(b)(6) – Extraordinary Harm**
The confluence of **wrongful death**, **stolen property**, **estate abuse**, and **military injustice** constitutes extraordinary circumstances warranting federal reopening.

**C. Rule 4(c)(3) – Service by U.S. Marshals**
Marshals service is necessary due to sealed contact information, safety concerns, and lack of prior lawful service.

**D. Rule 27 – Preservation of Evidence**
Plaintiff respectfully requests preservation of:

- All **estate records** for Christopher Clemons and related Clemons family estates in Ohio;

- **Military property receipts**, custody logs, and base records tied to the Plaintiff's husband;

- All documentation held by **state probate courts**, military units, and the **Army Board for Correction of Military Records (ABCMR)**.

# IV. DECLARATION OF CHRISTINE ETHEREDGE

I, **Christine Etheredge**, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

1. I was denied lawful process, protection, and justice in Ohio regarding multiple family estates and a suspicious death;

2. Christopher Clemons' death and estate were not properly investigated, and efforts were made to suppress related evidence;

3. I witnessed efforts to intimidate those raising concerns, including myself and others with firsthand knowledge;

4. My military-connected property, including three wedding sets and military jewelry, was stolen or unlawfully retained;

5. **Charles Etheredge's VA claims** and **financial activity connected to Gregory Currier and Edward Jones** must be examined;

6. I respectfully request this Court reopen this matter, consolidate it under D.D.C. jurisdiction, and refer it to DOJ and military investigative authorities for proper review.

# V. RELIEF REQUESTED

Plaintiff respectfully asks the Court to:

1. Reopen all related Ohio claims under **Rule 60(b)**;

2. Order service by **U.S. Marshals** and authorize consolidation into **Case No. 25-CV-01737**;

3. Enjoin any continued **suppression, retaliation, or tampering**;

4. Preserve all **estate, military, and probate records** under **Rule 27**;

5. Refer all claims to the **U.S. Department of Justice** and the **Department of Defense** for investigation under **FCA**, **VAWA**, and **military justice protocols**.

I, **Christine Etheredge**, declare under penalty of perjury that the foregoing is true and correct. This declaration is made pursuant to **28 U.S.C. § 1746** in support of this Motion to Reopen, Consolidate, and Refer for DOJ Review under the False Claims Act.

Executed on this 8 day of July , 2025.
Respectfully submitted,

*Christine Etheredge*

**Christine Etheredge**

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

**CHRISTINE ETHEREDGE**,
 Plaintiff-Relator,

v.

**STATE OF TEXAS**, et al.,
 Defendants.

Case No. 6:23-cv-00420

---

**MOTION TO REOPEN PRIORLY DISMISSED ACTION PURSUANT TO FED. R. CIV. P. 60(b)(4), (6);**

**MOTION FOR SERVICE BY U.S. MARSHALS, RULE 27 PRESERVATION, AND EMERGENCY PROTECTIVE RELIEF**

---

**COMES NOW Plaintiff-Relator CHRISTINE ETHEREDGE,**

under seal and protected address designation, and respectfully moves this Court for an order to reopen this action pursuant to **Rule 60(b)(4) and (6)** of the Federal Rules of Civil Procedure on grounds that the prior dismissal was **void** due to constitutional and jurisdictional violations, including **lack of notice** due to ongoing Address Confidentiality Program (ACP) enrollment and **witness intimidation** related to federal and state-level crimes.

**Plaintiff-Relator also respectfully requests:**

1. **Emergency service** of this motion and supplemental filings by the **United States Marshals Service** pursuant to **Rule 4(c)(3)**, due to safety concerns and sealed status;

2. An order preserving and coordinating all related federal filings under **Rule 27**, including **Supplemental Allegations** submitted in *Etheredge v. Texas*;

3. An **emergency protective order** preventing continued retaliation, witness tampering, and concealment of the Plaintiff's children;

4. Coordination with DOJ for **False Claims Act** review of attached **supplemental co-conspirator allegations**, and preservation of all previously filed evidence.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure **60(b)(4)** allows relief from a final judgment or order where the judgment is **void**, such as when a party has been denied **due process**, including notice or an opportunity to be heard. A dismissal issued while a party was under **active Address Confidentiality Program (ACP)** protection, without proper notice or service, renders such judgment void under this rule.

Rule **60(b)(6)** provides for relief in cases of "**extraordinary circumstances**." This encompasses egregious misconduct, witness intimidation, and failure of a court to consider safety concerns or constitutional rights — all of which apply here due to ongoing **interstate stalking**, **retaliation**, and misuse of protective proceedings against the Plaintiff.

Rule **4(c)(3)** of the Federal Rules of Civil Procedure permits courts to direct the **U.S. Marshals Service** to effectuate service of process, particularly for indigent or endangered parties, or where traditional service cannot be safely or reasonably performed.

Rule **27** governs the preservation of evidence when there is reason to believe it may be lost, destroyed, or tampered with before a proper action can be fully adjudicated. Given the history of **concealed federal evidence**, destruction of records, and criminal collusion among actors involved in this case, such an order is warranted to **preserve the factual record and prevent obstruction of justice**.

## III. ARGUMENT

### A. The Prior Dismissal Is Void Under Rule 60(b)(4) Due to Lack of Notice and Jurisdictional Violations

Plaintiff was actively enrolled in the **Address Confidentiality Program (ACP)** at the time of dismissal and did not receive adequate notice of the proceedings. Federal law recognizes that due process requires timely, meaningful notice and an

opportunity to be heard. Where courts proceed without ensuring this, any resulting order is **void ab initio**. See *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Because Plaintiff was denied basic constitutional protections, the dismissal must be vacated.

Additionally, there is compelling evidence that **interstate witness intimidation**, **fraud on the court**, and concealment of relevant facts tainted prior proceedings. Jurisdictional fraud and failure to comply with service rules render prior judgment void under Rule 60(b)(4).

## B. Extraordinary Circumstances Justify Reopening Under Rule 60(b)(6)

Plaintiff is not only a crime victim and protected party under federal law (VAWA, ADA), but has documented **extraordinary circumstances** justifying relief:

- **Dave and Mary Parker** were reported to the IRS for **nonprofit fraud** and were key organizers of a **fake FBI raid**, which placed the Plaintiff and her children at serious risk. They surveilled the Plaintiff and manipulated witnesses.

- **Tanawah Downing**, posing as a civil rights advocate, was directed by the Parkers to steal Plaintiff's vehicle. He later admitted to **stalking**, **sexually exploiting**, and participating in a network impersonating federal agents. He has ties to **Isaac and Melissa Maestas**, **Larry Pittman**, and others.

- **Otis Burge**, from Rhode Island, engaged in a **straw vehicle purchase**, participated in the fake raid, **stole Plaintiff's property in North Carolina**, and contributed to the **trafficking** of the Plaintiff. He was also the best friend of Dave Parker.

- **Melissa and Isaac Maestas**, who are connected to Downing and others, participated in the **ongoing abuse, exploitation of the Plaintiff, and cyberstalking**, including targeting her advocacy and whistleblower activity through intimidation.

- **Charles Etheredge**, the central abuser, committed acts of **domestic violence, forced separation of the Plaintiff from her children, and exploitation of VA claims and estate channels to evade justice**. His continued coordination with others constitutes a conspiracy under **42 U.S.C. § 1985(2)-(3)** and violations of **18 U.S.C. § 241 and § 242**.

- **Scott Wheeler and Kelly Wheeler** participated in **violations of a closed adoption**, breached federal **protection orders**, and engaged in **fraud, coercion, and custodial interference**, knowingly placing children in harm's way in violation of the **VAWA**, **UCCJEA**, and federal trafficking and obstruction statutes.

These individuals formed a **network of actors** who worked collectively to abuse, surveil, defame, and suppress the Plaintiff and her children. These are not isolated acts, but part of a **targeted campaign of witness tampering, identity fraud, and denial of federal civil rights protections**.

- These individuals used **fraudulent court filings**, **faked federal affiliations**, and **weaponized state systems** to retaliate against the Plaintiff for reporting abuse, whistleblowing, and pursuing federal protections.

These facts amount to a **conspiracy to violate civil rights** under 42 U.S.C. § 1985, **impersonation of federal officers** under 18 U.S.C. § 912, and **ongoing violations of federal protections for survivors**. No judgment under such circumstances can be allowed to stand.

**C. U.S. Marshals Service is Proper for Service Due to Sealed Identity and Safety Risks**

Plaintiff remains under ongoing threat from actors across multiple jurisdictions. Service by the **U.S. Marshals** under **Rule 4(c)(3)** is proper due to:

- Documented threats;

- Use of false agents to gain access to Plaintiff's home;

- Ongoing retaliation and stalking connected to the parties named above.

Service through traditional means is not safe nor feasible.

**D. Rule 27 Preservation is Critical Given History of Obstruction and Retaliation**

These same individuals contributed to the **destruction or suppression of key evidence**. In multiple federal and state cases, Plaintiff has experienced the following:

- Tampered mail;

- Deleted or missing exhibits;

- False notarizations and identity fraud.

Because co-conspirators remain in possession of material facts, and some are under active investigation or should be, Rule 27 preservation of **all filings, affidavits, and exhibits across related cases** (including those in Kansas, Texas, North Carolina, Missouri, and Virginia) is urgently needed to prevent loss of critical evidence.

## IV. RELIEF REQUESTED

Plaintiff **Christine Etheredge**, a protected person under state and federal law, respectfully requests that this Court:

1. **REOPEN** the previously dismissed action **pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6)** on the grounds that the prior dismissal is void for lack of notice and due process, and that extraordinary circumstances including interstate criminal conduct and witness tampering justify relief;

2. **ORDER SERVICE BY THE UNITED STATES MARSHALS SERVICE** under **Rule 4(c)(3)** due to Plaintiff's ACP-enrolled status, indigency, documented safety concerns, and the presence of named individuals who have impersonated law enforcement and obstructed lawful notice;

3. **GRANT A RULE 27 PRESERVATION ORDER** requiring the safeguarding and coordination of all evidence, filings, affidavits, exhibits, and dockets from:

   - **Etheredge v. Texas**

- ○ **Etheredge v. Kansas**

- ○ **Etheredge v. North Carolina**

- ○ **Etheredge v. Missouri**

- ○ **Etheredge v. Maryland**

- ○ **Etheredge v. Virginia**

- ○ **Etheredge v. Wisconsin**

- ○ **Etheredge v. Ohio**

- ○ And any related filings before the **U.S. District Court for the District of Columbia** or state courts whose proceedings impacted this action;

4. **ENTER AN EMERGENCY PROTECTIVE ORDER** safeguarding the identities and sealed addresses of Plaintiff and Minor Children 1 and 2, and enjoining all named co-conspirators and state officials from further:

- ○ Retaliation or intimidation;

- ○ Interference with federal protective programs;

- ○ Suppression, deletion, or distortion of the Plaintiff's legal claims or evidentiary record.

5. **REFER THE ALLEGATIONS TO THE U.S. DEPARTMENT OF JUSTICE** for review under:

- ○ The **False Claims Act**, where benefits and estate funding may have been diverted or falsely claimed;

- ○ The **Violence Against Women Act**, where stalking, retaliation, and protective order violations occurred;

○ And **civil rights enforcement** statutes, including **42 U.S.C. §§ 1983, 1985, 1986**, and related criminal statutes **(e.g., 18 U.S.C. §§ 241, 242, 912)**.

6. **ALLOW THIS FILING TO BE CONSOLIDATED AND COORDINATED** with the pending sealed relator matter in the **U.S. District Court for the District of Columbia** (25-CV-01737), as the evidence from Texas forms a material part of the overarching federal claims.

Plaintiff further requests **any other relief** this Court deems just, proper, and necessary to preserve the administration of justice and prevent future harm.

I, **Christine Etheredge**, declare under penalty of perjury that the foregoing is true and correct. This declaration is made pursuant to **28 U.S.C. § 1746** in support of this Motion to Reopen, Consolidate, and Refer for DOJ Review under the False Claims Act.

Executed on this 8 day of July , 2025.
Respectfully submitted,

*Christine Etheredge*

**Christine Etheredge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**CHRISTINE ETHEREDGE**,
Plaintiff-Relator,
v.
STATE OF NORTH CAROLINA, et al.,
Defendants.

Civil Action No. 25-CV-01737
(Related Case: Etheredge v. North Carolina)

**MOTION TO REOPEN PRIORLY DISMISSED ACTION UNDER FED. R.
CIV. P. 60(b)(4), (6);
MOTION FOR SERVICE BY U.S. MARSHALS;
MOTION FOR PRESERVATION OF EVIDENCE PURSUANT TO RULE 27;
AND MOTION FOR EMERGENCY PROTECTIVE RELIEF**

COMES NOW the Plaintiff, **Christine Etheredge**, a federally protected party
enrolled in multiple address confidentiality programs and a pro se survivor-litigant,
and respectfully moves this Court to:

1. **REOPEN** any dismissed or suppressed filings concerning prior federal or
   related actions involving North Carolina and its agencies under **Fed. R. Civ.
   P. 60(b)(4) and (6)**;

2. **DIRECT service via U.S. Marshals** pursuant to Rule 4(c)(3) due to credible
   threats, ongoing witness tampering, and stalking;

3. **PRESERVE all evidence under Fed. R. Civ. P. 27** relating to actions by
   Currituck County DSS, Chesapeake DSS, North Carolina courts, and other
   actors involved;

4. **GRANT emergency protective relief**, including seizure of electronic
   records and return of missing children and assets, based on evidence of
   ongoing trafficking, judicial fraud, and constitutional violations.

## I. BACKGROUND

Plaintiff is a disabled victim of domestic violence and government misconduct whose children were unlawfully taken in violation of federal custody orders, protective orders, and the UCCJEA. Despite sealed identity protections, Plaintiff was targeted across multiple jurisdictions by public actors, including those affiliated with the North Carolina judiciary, DSS, and law enforcement.

Multiple proceedings in North Carolina were conducted without notice, under improper jurisdiction, and in direct conflict with federal law. These proceedings have resulted in the continued concealment of Plaintiff's children and loss of federally protected property, housing, and parental rights.

## II. LEGAL STANDARD (REVISED)

Federal Rule of Civil Procedure **60(b)** provides relief from a final judgment when:

- **(4)** the judgment is void due to lack of jurisdiction or denial of due process;

- **(6)** extraordinary circumstances warrant reopening in the interest of justice.

Courts must grant relief under **Rule 60(b)(4)** where orders are obtained in violation of due process, without notice, or through fraud. **Rule 60(b)(6)** is invoked in cases of **profound injustice**, especially where government actors engage in systemic misconduct.

Plaintiff also seeks:

- **Service by U.S. Marshals** under **Rule 4(c)(3)** due to credible safety threats;

- **Preservation of evidence** under **Rule 27**, where spoliation or cover-up is evident;

- Emergency protective and injunctive relief, based on violations of:

  - **18 U.S.C. § 1512** (witness tampering),

- **42 U.S.C. §§ 1983, 12203** (civil rights, ADA retaliation),

- **18 U.S.C. §§ 1591, 1593** (trafficking and exploitation),

- And applicable **VAWA** mandates.

Here, multiple actors in North Carolina engaged in **systematic misconduct**, including:

- **False statements under oath**, material **perjury**, and fabricated testimony to justify unlawful removals and concealment of Plaintiff's minor children;

- **Refusal to enforce custody and protection orders** issued by other jurisdictions;

- **Deliberate concealment of Plaintiff's permanent disability**, caused by a violent assault while under the protection of a standing VAWA order;

- **Failure to report known rape, trafficking, and child endangerment** to military investigators (including NCIS) despite credible evidence involving **a U.S. Navy sailor**;

- **Longstanding conflicts of interest**, including familial, professional, and military ties between **Charles Etheredge**, state-appointed attorneys, GALs, and law enforcement officials;

- **Negligent disregard of military victim protections**, resulting in continued abuse, intimidation, and displacement of both the Plaintiff and her children;

- A pattern of **witness retaliation**, suppression of evidence, and willful indifference to ADA protections, sealed identity orders, and whistleblower claims.

In light of this misconduct—compounded by the **four-year systemic failure** to respond to the Plaintiff's reports, protect the children, or investigate clear criminal conduct—relief under Rule 60(b)(4) and (6) is both appropriate and urgently required.

## III. ARGUMENT – NORTH CAROLINA

### A. Dismissal Is Void Under Rule 60(b)(4) Due to Jurisdictional and Notice Failures

The North Carolina proceedings are **void** under **Fed. R. Civ. P. 60(b)(4)** as they were initiated and adjudicated in violation of due process, without lawful service, and contrary to federal jurisdiction under the **UCCJEA**, federal protection orders, and full faith and credit doctrine.

The Plaintiff, enrolled in federal Address Confidentiality Programs (ACP), was actively protected by custody and restraining orders from other states when **false and retaliatory claims were used to initiate removal of six children**, including one non-biological minor for whom Plaintiff had **Power of Attorney**. These actions occurred **without jurisdiction, without notice**, and with deliberate misuse of sealed filings and identity protections. No lawful emergency basis existed, and no proper forum was established under federal law.

---

### B. Extraordinary Harm Justifies Relief Under Rule 60(b)(6)

The misconduct in North Carolina resulted in:

- **Over 370 days** of wrongful separation from **Minor Children 1 and 2** since **June 29, 2023**, due to unlawful filings and coercion;

- **Permanent physical disability** and a **miscarriage** sustained by Plaintiff from a violent assault by **Charles Etheredge**, who was at the time subject to protection orders;

- **Intentional failure to notify NCIS and military command**, despite clear allegations of rape, kidnapping, identity theft, and human trafficking involving Navy-affiliated individuals;

- **Four years of negligence and refusal** to investigate abuse, enforce protection orders, or uphold custody rights;

- **Conflicts of interest** across multiple actors — including judges, GALs, DSS officials, and detectives with known associations to **Charles Etheredge** and

retaliatory campaigns against Plaintiff;

- **Destruction of records**, alteration of testimony, sealing of evidence, and **refusal to honor ADA accommodations**;

- **Use of unlicensed social workers**, illegal seizure of children, and trafficking of **Minor Child Lily Etheredge** by **Emily Beebe**, aided by **William Giron**, who was present during initial abuse incidents;

- **Coordinated efforts to silence and retaliate** against Plaintiff, including payments made via **Cash App to the Plaintiff's eldest child** to falsely testify, as confirmed by **recorded video/audio confessions**;

- Over **1,600 pages of evidentiary documentation**, including verified exhibits, audio admissions, service records, protective orders, and communications with federal and military agencies.

---

## C. Criminal Enterprise and Intentional Misconduct

This case involves a **multi-jurisdictional conspiracy** spanning North Carolina, Virginia, and beyond, in which public officials acted in **concert with private individuals** to traffic minors, exploit sealed records, obstruct justice, and retaliate against a disabled survivor under federal protection.

Evidence supports the following criminal acts:

- **Witness tampering and coercion**, including direct threats to Plaintiff's life and safety, use of children as leverage, and destruction of protective documents;

- **Property and benefits theft**, including seizure of over $1 million in assets through fraudulent marriage, sale of Plaintiff's home, and misappropriation of military survivor benefits;

- **Suppression of federal whistleblower filings**, ADA documentation, and victim rights under VAWA, 18 U.S.C. § 1593 (trafficking restitution), and

Title II of the ADA;

- **Direct interference by actors including Dave and Mary Parker, Otis Burge, Isaac and Melissa Maestas, Tanawah Downing,** and others who impersonated federal officers, engaged in coordinated harassment, and were present during false raids, abduction attempts, and property theft.

**D. Request for Military Recall and Witness Protection Due to Extraordinary Circumstances**

Given the gravity of these violations and the continuing cover-up, Plaintiff formally requests this Court refer this matter to the **U.S. Department of Defense**, **Naval Criminal Investigative Service (NCIS)**, and the **Department of Justice** for:

- **Immediate recall of Charles Etheredge** and **any other naval-affiliated individuals** involved in obstruction, trafficking, or abuse for court-martial proceedings under the **UCMJ**, including for:

    - Rape;

    - Kidnapping;

    - Fraudulent benefit use;

    - Retaliation against a protected disabled survivor;

    - Dereliction of duty by command personnel who failed to investigate or act on reported abuse.

These extraordinary circumstances reflect a **systemic breakdown** in civil and military oversight that resulted in permanent injury, deprivation of rights, trafficking of children, and obstruction of federal proceedings.

To protect the integrity of this case and ensure future testimony:

- **Plaintiff and her minor children** urgently require **federal witness protection** through the **U.S. Marshals Service** or DOJ's **Office for Victims of Crime**, including relocation, confidentiality, and physical security

during all future proceedings.

The conduct described herein rises to the level of **organized criminal conspiracy**, constituting **ongoing harm**, **retaliation**, and the **federal interest in preserving the safety and testimony** of a federally protected victim and her children.

Plaintiff's rights were not just violated — they were intentionally dismantled by a pattern of misconduct that requires urgent redress by this Court.

## IV. RELIEF REQUESTED – NORTH CAROLINA

Plaintiff respectfully requests the following relief be granted by this Court as a matter of constitutional right, federal jurisdiction, and emergency protection:

1. **Reopening of all prior North Carolina matters** under **Fed. R. Civ. P. 60(b)(4) and (6)** due to fraud upon the court, lack of jurisdiction, failure of service, ADA violations, and unlawful retaliation against a federally protected crime victim.

2. **Declaration that the removal of six children**, including five biological and one child under valid **Power of Attorney**, was unlawful under:

   - The **UCCJEA**;

   - Full Faith and Credit for **VAWA-based protection orders**;

   - Federal whistleblower, ADA, and trafficking statutes;

   - And based on falsified evidence, fraud, and improper dismissal of pending charges.

3. **Immediate return of Minor Children 1 and 2** to the Plaintiff and her lawful husband pursuant to standing custody and protection orders issued outside North Carolina that were improperly ignored and overruled.

4. **Immediate return of the remaining three children** unlawfully removed by **Kelly Wheeler, Scott Wheeler, and Charles Etheredge** based on:

   - Admitted fraud and coercion;

   - Active protection orders;

   - Improperly dismissed criminal charges including **kidnapping, custodial interference, and intimidation**;

   - Evidence that Plaintiff's eldest child was **bribed via Cash App to lie**;

   - And **audio/video confessions** and **1,600+ pages of supporting evidence** submitted under seal.

5. **Permanent bar against Kelly Wheeler** from access or contact with any minor involved, pursuant to prior protection orders and findings of abuse and endangerment.

6. **Restoration of assets and property** unlawfully seized during the fraudulent marriage to Charles Etheredge, who was legally married to Emily Beebe at the time. This includes:

   - Recovery of home equity and accounts;

   - Transfer of title and interest for all unlawfully seized property;

   - Orders for **electronic forensic review** of Currituck County, Clerk of Court, Register of Deeds, and related financial institutions.

7. **Federal investigative and criminal referral** for:

   - Charles Etheredge and other naval personnel involved in trafficking, fraud, and rape;

   - Public actors and attorneys who obstructed justice;

   - Third-party co-conspirators including **Dave and Mary Parker**, **Otis Burge**, **Melissa and Isaac Maestas**, **Tanawah Downing**, and

**William Giron**, for impersonation of agents, theft, coercion, and trafficking.

8. **Referral to NCIS and DOD for recall and court-martial** of any naval personnel complicit in the assault, trafficking, and cover-up, and immediate investigation into benefits fraud and VA compensation linked to Charles Etheredge and Gregory Currier.

9. **Order for witness protection** for Plaintiff and her minor children via the U.S. Marshals or DOJ, to preserve life, safety, and the integrity of testimony.

10. **Transfer of all child welfare and court jurisdiction** to the **District of Columbia and/or Connecticut**, where proper filings were submitted, full protective orders are active, and safety has been established for the Plaintiff and children.

11. Any and all further relief as this Court deems just, equitable, and necessary to redress the **ongoing constitutional violations**, prevent further harm, and ensure enforcement of federal rights.

I, **Christine Etheredge**, declare under penalty of perjury that the foregoing is true and correct. This declaration is made pursuant to **28 U.S.C. § 1746** in support of this Motion to Reopen, Consolidate, and Refer for DOJ Review under the False Claims Act.

Executed on this 8 day of July , 2025.
Respectfully submitted,

*Christine Etheredge*

**Christine Etheredge**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

---

**Christine Etheredge** (under seal)
Plaintiff / Relator
v.
**Commonwealth of Virginia**, et al.
**(Relating to Etheredge v. Virginia, Case No. 0136-25-1 – Virginia Court of Appeals)**
Defendants

**MOTION TO REOPEN PRIORLY DISMISSED ACTION IN VIRGINIA PURSUANT TO FED. R. CIV. P. 60(b)(4), (6); MOTION FOR SERVICE BY U.S. MARSHALS, RULE 27 PRESERVATION, AND EMERGENCY PROTECTIVE RELIEF**

---

**NOW COMES** the Plaintiff, Christine Etheredge, under sealed identity, protected under VAWA, the Address Confidentiality Program, and the ADA, and respectfully moves this Court to:

1. Reopen all federal and state claims arising out of Virginia—including the appellate matter under **Case No. 0136-25-1**;

2. Coordinate all relief and orders under this District's jurisdiction pursuant to federal removal powers and ongoing civil rights violations;

3. Preserve and transfer all records under **Rule 27**;

4. Order immediate emergency injunctive relief and witness protection;

5. And initiate appropriate investigations and forensic reviews concerning violations of federal law, sealed identity protections, and witness tampering.

This motion is submitted in connection with other coordinated filings under the above-captioned D.D.C. lead case and as a relator action subject to Department of Justice (DOJ) review.

**II. LEGAL GROUNDS FOR RELIEF**

Plaintiff brings this motion pursuant to **Federal Rule of Civil Procedure 60(b)(4) and 60(b)(6)** on the grounds that prior dismissals and denials in Virginia state proceedings are **void** or **fundamentally unjust**, having occurred:

1. **Without proper jurisdiction**, as the children were not lawful residents of Virginia under the **UCCJEA**, and full faith and credit was not given to out-of-state protection or custody orders;

2. **Without proper notice**, in violation of the **Address Confidentiality Program (ACP)** and the federal requirement for accessible court proceedings for litigants with disabilities under the **Americans with Disabilities Act (ADA)**;

3. **In contravention of 42 U.S.C. §1983**, as the Plaintiff was denied the ability to present evidence and exercise constitutionally protected parental rights under color of state law;

4. **In direct violation of 18 U.S.C. §§ 2265–2266 (VAWA)**, which mandate recognition and enforcement of valid protection orders across state lines and prohibit the suppression of protective rights based on jurisdictional manipulation;

5. **Without acknowledging or transmitting Plaintiff's timely-filed Federal Notice of Removal**, which should have divested state court jurisdiction and transferred the matter to federal oversight;

6. **Despite verified witness admissions**, including acknowledgments of abuse, threats, and procedural fraud by state actors, which were **submitted but never reviewed** in the appellate record (0136-25-1);

7. **In violation of military codes of justice and oversight**, as active-duty Navy personnel including **Charles Etheredge** used their positions to obstruct justice, retaliate against a disabled crime victim, and exploit government benefits through fraud;

8. **With improper judicial conduct**, including multiple judges hearing the case without valid oaths of office on file, failing to recuse despite conflicts of interest, and participating in coordinated suppression of the Plaintiff's protected status;

9. **Through collusion or negligence by Virginia Beach DSS, Chesapeake DSS, and associated law enforcement**, who failed to act upon protective orders and permitted the illegal concealment, intimidation, and removal of the Plaintiff's children despite multiple federal agency notifications.

These actions cumulatively deprived the Plaintiff of due process, equal protection, and her rights under the Supremacy Clause and the federal civil and disability rights statutes. The Virginia courts failed to uphold either procedural or substantive federal law, rendering the orders **void or ultra vires**.

## III. FACTUAL SUMMARY AND VIOLATIONS – VIRGINIA

This case arises out of a prolonged pattern of retaliation, witness tampering, and procedural fraud against the Plaintiff, a permanently disabled survivor of domestic violence, who attempted to enforce custody and protection orders across state lines under VAWA and ADA protections.

1. **Appeals Brief and Exhibits (Case No. 0136-25-1)**
   Plaintiff filed an appeal with the Virginia Court of Appeals that included:

   - Over **1,600 pages of sealed exhibits**, including sworn affidavits, photographs, audio/video recordings, and text messages;

   - Admissions of guilt from Scott Wheeler, Kelly Wheeler, and Charles Etheredge;

   - Documentation of **federal protection orders**, upheld outside of Virginia, which were ignored by trial and appellate courts;

   - A federal Notice of Removal that was **never docketed nor acted upon**, violating jurisdictional mandates under 28 U.S.C. §§ 1441 and 1443.

2. **Charles Etheredge's Crimes and Military Conflicts**

   - Charles Etheredge, a Navy-affiliated actor, violated multiple court orders, impersonated the Plaintiff, and used military authority and psychological coercion to control, isolate, and traffic the Plaintiff and children.

   - His marriage to the Plaintiff was fraudulent and **he remained married to another woman (Emily Beebe)** during their cohabitation.

   - Plaintiff sustained **permanent physical injuries and a miscarriage** due to his abuse, which was corroborated by medical records and third-party witnesses.

3. **Scott and Kelly Wheeler – Kidnapping and Witness Tampering**

- ○ The Wheelers unlawfully seized the Plaintiff's children while pending charges were ignored or dismissed by officials with conflicts of interest.

- ○ Audio and digital evidence shows:

  - ■ Witness intimidation;

  - ■ Bribery of the Plaintiff's eldest child via Cash App to lie;

  - ■ Repeated **use of court filings and false reports** to shield their own misconduct.

- ○ **Protection orders expressly barred Kelly Wheeler's contact** with the children, which was willfully disregarded by local courts.

4. **Virginia Beach & Chesapeake DSS and Law Enforcement**

- ○ Despite repeated federal complaints, local DSS and law enforcement:

  - ■ **Failed to enforce court orders** issued in other states;

  - ■ **Suppressed reports of child abuse and adult assault**;

  - ■ **Withheld records**, interfered with subpoenas, and obstructed Plaintiff's access to legal relief;

  - ■ Enabled **unauthorized access** to sealed identity data in violation of both ACP and federal VAWA law.

5. **DoD and Navy Oversight Failures**

- ○ The Department of Defense and Navy command failed to intervene despite:

  - ■ Direct notifications of abuse by Charles Etheredge;

  - ■ Knowledge of retaliatory transfers and falsified claims;

  - ■ Ongoing **misuse of benefits** tied to the Plaintiff's injury and Charles' VA claims, with ties to **Gregory Currier and Edward Jones accounts**.

6. **Judicial Bias and Procedural Violations**

- At least two judges presiding over Plaintiff's state cases were:

  - **Lacking proper oaths**;

  - **Conflicted via personal and political associations**;

  - Acted without holding evidentiary hearings or considering material evidence before dismissal.

- Plaintiff's sealed name, disability status, and protected filings were intentionally mishandled to block her legal access and endanger her safety.

## IV. RELIEF REQUESTED – VIRGINIA

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **REOPEN** all prior Virginia-related federal and state claims under **Rule 60(b)(4) and (6)** on the grounds of jurisdictional error, fraud upon the court, and extraordinary injustice;

2. **TRANSFER and COORDINATE** all matters under the consolidated **District of Columbia Case No. 25-CV-01737**, as part of Plaintiff's multi-state relator and protective filings, and preserve appellate record from **Case No. 0136-25-1** for federal review;

3. **ORDER EMERGENCY INJUNCTIVE RELIEF** enjoining any further state proceedings, retaliation, custody interference, or use of void judgments that violate federal rights or interfere with the Plaintiff's sealed identity and custody rights;

4. **COMPEL SERVICE BY U.S. MARSHALS** under 28 U.S.C. § 1915 and in compliance with pro se indigent survivor protections, to ensure safety and prevent further obstruction;

5. **PRESERVE EVIDENCE AND COURT RECORDS UNDER RULE 27**, including:

   - All appellate and trial records in Case No. 0136-25-1;

   - Exhibits and evidence submitted to the Virginia Court of Appeals;

- DSS, law enforcement, and GAL records held by **Virginia Beach**, **Chesapeake**, and **Currituck County, NC**;

- Communications involving **Emily Beebe**, **Charles Etheredge**, **Scott and Kelly Wheeler**, and Plaintiff's biological parents.

6. **REFER THIS MATTER TO THE U.S. DEPARTMENT OF JUSTICE** under the **False Claims Act and Witness Protection provisions**, in light of:

- Coordinated suppression of protective orders;

- Exploitation of Plaintiff's sealed identity;

- Misuse of military and VA benefit structures;

- Systemic witness tampering and civil rights interference.

7. **REFER TO THE DEPARTMENT OF DEFENSE AND NAVY INSPECTOR GENERAL** all actions taken by military-affiliated individuals (including Charles Etheredge) for investigation under the **UCMJ** and military justice system;

8. **ISSUE AN ORDER FOR IMMEDIATE RETURN AND PROTECTION** of the Plaintiff's minor children based on:

- Ongoing violations of federal protection and custody orders;

- Fraudulent removals and concealment;

- Admitted abuse and coercion by those previously under criminal investigation.

9. **GRANT SUCH FURTHER RELIEF** as the Court deems just and equitable, including referral to the **Office of Violence Against Women**, **Civil Rights Division**, and **appropriate Congressional oversight**.

I, **Christine Etheredge**, declare under penalty of perjury that the foregoing is true and correct. This declaration is made pursuant to **28 U.S.C. § 1746** in support of this Motion to Reopen, Consolidate, and Refer for DOJ Review under the False Claims Act.

Executed on this 8 day of July , 2025.

Respectfully submitted,

Christine Etheredge