# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

Record No. 25-CV-01737

Christine Etheredge ( name under seal),

v.

CURRITUCK COUNTY DEPARTMENT OF SOCIAL SERVICES,

CHESAPEAKE DEPARTMENT OF HUMAN SERVICES,

VIRGINIA BEACH DEPARTMENT OF HUMAN SERVICES,

VIRGINIA DEPARTMENT OF HEALTH AND HUMAN SERVICES,

NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN

SERVICES

**RECEIVED**

AUG 27 2025



Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**Motion to Invalidate Contradictory and Unauthenticated Orders and to Restore Protective Sealing**

Plaintiff/Relator, proceeding under pseudonym *Christine A. Etheredge*, respectfully moves this Court to vacate the August 18, 2025 Order (ECF No. 32), reassign this matter to a new judicial officer, sanction the Clerk for misconduct, and require validation and authentication of the Court's orders.

This motion is brought under the Court's inherent authority and the All Writs Act, 28 U.S.C. § 1651, because the orders at issue have not been properly authenticated and therefore cannot be treated as binding or enforceable. Specifically, the August 18, 2025 order issued by Judge Cobb is missing the official court seal, clerk's attestation, and PACER authentication header, rendering it incomplete and procedurally defective under Federal Rules of Civil Procedure 58, 77, and 79.

Until properly authenticated, such orders are only potential binding orders, not enforceable judicial acts. This lack of validation is particularly alarming where the order in question directly contradicts the July 17, 2025 sealed order of Chief Judge Boasberg (ECF No. 24), which granted pseudonym protection, ordered Plaintiff's original complaint to remain sealed, and prohibited disclosure of Plaintiff's identity.

The contradictory, unauthenticated August 18 order unlawfully unsealed Plaintiff's case, caused the Clerk to leak Plaintiff's sealed declaration and ACP-protected information, and thereby endangered Plaintiff and her minor children. This constitutes judicial misconduct, fraud upon the court, and violation of Plaintiff's statutory rights under the False Claims Act (31 U.S.C. § 3730(b)(2)), the Crime Victims' Rights Act (18 U.S.C. § 3771), HIPAA, ADA

Title II, and multiple Executive Orders protecting whistleblowers and survivors.

PART II – PROCEDURAL BACKGROUND

1. On July 17, 2025, Chief Judge James E. Boasberg entered a sealed Memorandum Opinion and Order (ECF No. 24). That order:

   ○ Granted Plaintiff's motion to proceed pseudonymously as *Christine A. Etheredge*;

   ○ Ordered Plaintiff's original complaint remain under seal;

   ○ Required Plaintiff's real name and ACP-protected address to be filed under seal in a separate declaration;

   ○ Prohibited Defendants and their counsel from disclosing Plaintiff's identity; and

   ○ Required that only redacted versions of filings appear on the public docket.

2. Despite these protections, the July 17 order itself was provided to Plaintiff without proper seal or clerk's attestation. Plaintiff has yet to receive certified copies of the original orders with seals to confirm their authenticity. Until such certified versions are produced, Plaintiff cannot fully validate compliance.

3. On August 18, 2025, Judge Jia M. Cobb issued an order (ECF No. 32) that:

   ○ Granted Plaintiff's second IFP motion;

   ○ Denied all pending motions without prejudice; and

   ○ Directed the Clerk of Court to unseal the case.

4. Judge Cobb's order, like the July 17 order, was not authenticated with a seal, clerk's attestation, or PACER authentication header. It lacked the hallmarks of a binding judicial order and was defective on its face.

5. Plaintiff was never noticed of Judge Cobb's assignment. Another judge was briefly listed on the docket, but that assignment was later corrected without notice to Plaintiff. At no time was Plaintiff formally informed of Judge Cobb's designation to the case.

6. Although Defendants' counsel were listed on the docket, Plaintiff was never served or notified of their appearance. Instead, orders were issued without notice, leaving Plaintiff unable to respond or assert her rights in real time.

7. Plaintiff participates in the Address Confidentiality Program (ACP), which imposes unavoidable delays in the receipt of physical mail. As a result, Plaintiff did not receive Judge Cobb's August 18 order until today, August 27, 2025. By that time, sealed materials had already been released to the public. This deprived Plaintiff of due process and rendered compliance impossible.

8. Plaintiff stresses that she is complying to the best of her ability under the ACP program. However, without timely notice, sealed filings were unlawfully disclosed before Plaintiff had any opportunity to respond or seek protection.

9. The Clerk's actions, taken pursuant to Judge Cobb's order, caused Plaintiff's sealed declaration, ACP-protected address, and HIPAA-protected medical information to be made public, directly contradicting Chief Judge Boasberg's protective order and exposing Plaintiff and her children to danger.

10. These contradictions, delays, and failures of authentication demonstrate systemic mishandling, judicial misconduct, and fraud upon the court. They also foreclosed Plaintiff's statutory rights under the False Claims Act, which requires DOJ intervention before unsealing.

## PART III – CHALLENGE TO UNAUTHENTICATED AND CONTRADICTORY ORDERS

Plaintiff is still awaiting certified, sealed copies of all orders in this matter, including Chief Judge Boasberg's July 17, 2025 protective order. Neither that order nor Judge Cobb's August 18, 2025 order has been properly authenticated with a court seal, clerk's attestation, or PACER authentication header. Until such certifications are provided, these documents remain only potential binding orders, not enforceable judicial acts, under the All Writs Act (28 U.S.C. § 1651) and Federal Rules of Civil Procedure (Rules 58, 77, 79).

1. Contradiction of Chief Judge's Protective Order.
   Chief Judge Boasberg ordered Plaintiff's complaint and declaration remain sealed and prohibited disclosure of her identity. Judge Cobb's

unauthenticated August 18, 2025 order instead directed the Clerk to unseal the case. This contradiction renders Judge Cobb's order void ab initio.

2. Denial and Mooting of Pending Motions.

   In her August 18, 2025 order, Judge Cobb denied or mooted urgent motions, including requests for:

   - Federal protection as a victim of a federal crime (fake FBI raid, interstate stalking, violations of protection orders, attempted theft of an emotional support animal);

   - Discovery and subpoenas to compel evidence Defendants admitted destroying, including CPS reports, police reports, and National Missing and Exploited Children's reports;

   - Compelled testimony of witnesses to crimes of identity theft, unlawful kidnapping, and financial fraud (including warranty deed fraud);

   - Emergency relief and status conference to protect Plaintiff's children and preserve rights.

3. These motions were denied without hearing, notice, or analysis of Plaintiff's statutory rights.

4. Violations Caused by Denials.

   By denying and mooting Plaintiff's motions without grounds, Judge Cobb's order violated:

- ○ Crime Victims' Rights Act (18 U.S.C. § 3771): Right to be reasonably protected, right to proceedings free from unreasonable delay, right to be treated with fairness and respect, right to confer with DOJ officials.

- ○ False Claims Act (31 U.S.C. § 3730(b)(2)): Right to sealed proceedings pending DOJ intervention; denial foreclosed DOJ referral and intervention.

- ○ ADA Title II (42 U.S.C. § 12132): Right to equal access and accommodations; denial without notice or hearing discriminated against Plaintiff as a disabled litigant.

- ○ HIPAA (42 U.S.C. § 1320d): Unlawful release of medical information when sealed declaration was disclosed.

- ○ Due Process (Fifth Amendment): Right to notice, meaningful access, and opportunity to be heard before deprivation of rights.

- ○ Executive Orders (2022–2025): Orders protecting whistleblowers, victims of trafficking, and survivors of violence; denial of motions violated the 2025 Executive Order on trafficking victims.

- ○ International Law: Plaintiff's case is already under study by the Inter-American Commission on Human Rights (IACHR). The denial of protection, sealing, and access constitutes a violation of U.S. obligations under international human rights law.

5. Right to Federal Coordination.

As a victim of federal crimes, Plaintiff has a statutory right to support from a DOJ Victim/Witness Coordinator and an ADA Coordinator. Denying motions for relief, subpoenas, and conferences eliminated Plaintiff's ability to secure coordination and direct support.

6. Lack of Accountability.

Judge Cobb's order contained no reasoning for these denials, no acknowledgment of Plaintiff's statutory protections, and no constitutional basis for rejecting relief. The failure to provide justification demonstrates lack of accountability and judicial misconduct.

7. Conclusion.

Plaintiff's standing is built upon the very evidence that was destroyed or concealed. Denying her motions to compel such evidence, protect her children, and preserve her rights not only contradicts Chief Judge Boasberg's order but also violates binding federal statutes, constitutional rights, Executive Orders, and international human rights protections.

**PART IV – PROTECTION OF VICTIM AND FAMILY TRAUMA**

1. Chief Judge's Recognition of Victim Privacy.

On July 17, 2025, Chief Judge James E. Boasberg granted Plaintiff's motion to proceed pseudonymously and ordered that her original complaint remain sealed. He specifically directed that Plaintiff's declaration—including her true name and ACP address—be filed under seal, and that Defendants were prohibited from disclosing Plaintiff's identity. This order reflected an acknowledgment of

Plaintiff's status as a crime victim and the need to shield her and her children's trauma from public view.

2. Victim Trauma Is Not for Public Display.

Federal law, including the Crime Victims' Rights Act (18 U.S.C. § 3771), protects victims' rights to dignity, fairness, and privacy. The trauma endured by Plaintiff and her children—including evidence of child exploitation, identity theft, unlawful kidnapping, destruction of evidence, and attempted harm—is not for public consumption. The integrity of sealed proceedings is fundamental to protecting victims from further harm, retraumatization, or retaliation.

3. Violation by Judge Cobb and the Clerk.

Judge Cobb's August 18, 2025 order directed the Clerk to unseal the case, which directly contradicted Chief Judge Boasberg's protective ruling. Acting on this directive, the Clerk unlawfully released Plaintiff's sealed declaration, exposing her true name, ACP-protected address, HIPAA-protected medical records, and other sensitive trauma-related evidence. This action placed Plaintiff and her children in danger and retraumatized them by making their private suffering subject to public scrutiny.

4. Consequences of Public Disclosure.

   ○ The public release of Plaintiff's sealed trauma filings has already placed her family at greater risk of retaliation.

   ○ It has violated federal protections (CVRA, HIPAA, ADA) and Executive Orders prohibiting retaliation against trafficking

victims, whistleblowers, and survivors.

   ○ It undermines public confidence in the judiciary's duty to shield
     victims, especially when the Chief Judge had already provided
     for such protection.

5. **I**nternational Obligations.
   The Inter-American Commission on Human Rights (IACHR) has
   accepted Plaintiff's case under study. The failure to protect Plaintiff's
   sealed trauma filings further evidences systemic negligence and
   violates international norms of victim protection and dignity.

Conclusion. Victim and family trauma is not for public display. Chief Judge
Boasberg's order recognized this, but Judge Cobb's contradictory order and
the Clerk's unlawful unsealing disregarded that principle, caused further
trauma, and endangered Plaintiff's family. The public exposure of sealed
trauma records constitutes judicial misconduct, fraud upon the court, and a
violation of Plaintiff's statutory and human rights.

## PART V – SANCTIONS AGAINST THE CLERK FOR MISCONDUCT AND UNAUTHORIZED DISCLOSURE

1. Violation of Chief Judge's Orders.
   The Clerk's Office acted contrary to Chief Judge Boasberg's July 17,
   2025 order by releasing Plaintiff's sealed declaration, which contained
   her true name, ACP-protected address, and HIPAA-protected medical
   information. That declaration was ordered to remain sealed, yet the
   Clerk made it public following Judge Cobb's August 18, 2025 directive.

2. Failure to Authenticate Orders.

 The Clerk entered both the July 17 and August 18 orders without the required court seal, clerk's attestation, or PACER authentication headers. This failure deprived the orders of the necessary formal validation under FRCP 58, 77, and 79, leaving them procedurally defective and unenforceable.

3. Delayed and Inadequate Notice.

 Because Plaintiff participates in the Address Confidentiality Program (ACP), the Clerk had heightened responsibility to ensure timely and secure delivery of notices. Yet Plaintiff did not receive the August 18 order until August 27, 2025, after sealed materials were already released. This deprived Plaintiff of due process and the ability to respond, in violation of FRCP 77(d).

4. Endangerment and Retraumatization.

 By unsealing sealed trauma records, the Clerk not only endangered Plaintiff and her minor children but also retraumatized them by subjecting deeply personal information to public scrutiny. This violated Plaintiff's rights under:

   ○ Crime Victims' Rights Act (18 U.S.C. § 3771) — right to dignity, privacy, and protection.

   ○ HIPAA — protection of medical information.

   ○ ADA Title II — equal access, including accommodation for sealed filings.

○ Executive Orders (2022–2025) protecting whistleblowers, trafficking victims, and survivors.

5. **Fraud Upon the Court.**

By disregarding the Chief Judge's binding order and prematurely unsealing all FCA filings required by law to remain sealed pending DOJ intervention, the Clerk's actions amount to fraud upon the court and violation of the **False Claims Act (31 U.S.C. § 3730(b)(2))**.

6. Sanctionable Conduct.

Given these violations, sanctions are warranted. At minimum, Plaintiff requests that the Court:

○ Formally reprimand the Clerk's Office for misconduct;

○ Direct the Clerk to reseal Plaintiff's declaration, ACP address, and trauma records immediately;

○ Require the Clerk to issue certified, sealed copies of all prior orders with clerk's attestation and PACER authentication;

○ Refer the matter to the Judicial Council of the D.C. Circuit and the DOJ Office of Inspector General for investigation; and

○ Institute mandatory compliance protocols to prevent future breaches of sealing orders and victim protections.

Conclusion. The Clerk's unlawful release of sealed victim records, failure to authenticate orders, and denial of due process through delayed ACP notice

require formal sanctions, correction of the docket, and referral for investigation.

## PART VI – VALIDATION AND AUTHENTICATION OF ORDERS; ACCESS, CONFERENCE, AND DOJ REFERRAL

1. Certification of All Orders.

   Plaintiff has yet to receive any certified copies of orders bearing the court seal, clerk's attestation, and PACER authentication header. Both Chief Judge Boasberg's July 17, 2025 protective order and Judge Cobb's August 18, 2025 order lack these essential elements of authenticity. Until validated, such documents remain only potential binding orders, not enforceable judicial acts, under the All Writs Act (28 U.S.C. § 1651) and the Federal Rules of Civil Procedure (Rules 58, 77, 79). Plaintiff requests the Court direct the Clerk to issue certified, authenticated copies of all orders entered in this case to date.

2. Full Access to Case Files and Counsel Information.

   Plaintiff has been denied meaningful access to her own case record. Despite Defendants' counsel being listed on the docket, Plaintiff was never served or notified of their appearance. Plaintiff requests full access to all docket entries, case files, and confirmation of defendants' attorneys of record, so that she may exercise her rights under the Crime Victims' Rights Act (18 U.S.C. § 3771) and prepare responsive filings.

3. Status Conference.

   Given the contradictions between Chief Judge Boasberg's and Judge Cobb's orders, the Clerk's unauthorized unsealing, and ongoing failures of notice, Plaintiff requests a status conference with all parties. This

conference is necessary to establish clear procedures for sealing, discovery, accommodations under the ADA, and referral to the Department of Justice.

4. Referral to DOJ.

As this case arises under the False Claims Act, federal law requires that the complaint remain sealed until the Department of Justice has completed its intervention review (31 U.S.C. § 3730(b)(2)). The Clerk's premature unsealing deprived DOJ of its statutory role. Plaintiff requests that this matter be immediately referred to the DOJ Civil Frauds Section and other appropriate DOJ divisions for investigation of the crimes reported, including interstate stalking, unlawful kidnapping, destruction of evidence, identity theft, and fraud.

5. Coordination with ADA and Victim Coordinators.

Plaintiff requests the Court designate an ADA Coordinator and a Victim/Witness Coordinator, with direct contact details filed on the docket, to ensure Plaintiff receives accommodations and safety protections consistent with the ADA, CVRA, and Executive Orders protecting whistleblowers and victims of trafficking and violence.

Conclusion. Plaintiff cannot fully comply or respond without authenticated orders, certified access to the case record, and confirmation of defendants' attorneys. A conference is necessary to restore procedural integrity. Referral to DOJ and coordination with ADA and Victim/Witness Coordinators are required by statute and by the Court's duty to protect victims and whistleblowers.

## PART VII – NOTICE OF CONFLICT AND REQUEST FOR INDEPENDENT REFERRAL

1. Conflict of Interest.

   Judge Jia M. Cobb is the judicial officer who issued the August 18, 2025 order (ECF No. 32) that directly contradicted Chief Judge Boasberg's July 17, 2025 protective order (ECF No. 24). Because this motion seeks to vacate Judge Cobb's order, sanction the Clerk for carrying it out, and require certification of all orders, Judge Cobb has a personal and institutional conflict of interest.

2. Appearance of Bias.

   Allowing Judge Cobb to adjudicate a motion that challenges her own order would create the appearance of bias and undermine public confidence in judicial integrity. As the Supreme Court has held, "no man can be a judge in his own case" (*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009)).

3. Violation of Chief Judge's Protective Ruling.

   Chief Judge Boasberg's July 17, 2025 order expressly required that Plaintiff's identity—including her sealed legal name change and ACP address—remain under seal. Judge Cobb's contradictory August 18 order directed the Clerk to unseal the case, which resulted in the leak of Plaintiff's sealed legal name change onto the public docket. This disclosure placed Plaintiff in serious danger, violated the Chief Judge's directive, and retraumatized Plaintiff and her family.

4. Due Process Requirement.

   The Due Process Clause of the Fifth Amendment guarantees litigants a neutral and impartial tribunal. A judge reviewing her own alleged

misconduct—after issuing an order that both endangered Plaintiff and directly contradicted a Chief Judge's protective ruling—would violate due process and judicial ethics.

5. **I**ndependent Review Required.

Plaintiff respectfully requests that this motion be referred to the Chief Judge or another impartial judicial officer of this Court, or alternatively, that it be reviewed by the Judicial Council of the D.C. Circuit. Only independent reassignment can ensure impartiality and proper consideration of Plaintiff's statutory rights under the Crime Victims' Rights Act, False Claims Act, HIPAA, ADA, Executive Orders, and international human rights obligations.

Conclusion. Judge Cobb cannot adjudicate this motion without violating due process and judicial ethics. Independent referral is necessary to preserve fairness, integrity, and the appearance of justice.

## PART VIII – RELIEF REQUESTED

For the reasons set forth above, Plaintiff respectfully requests that this Court grant the following relief:

1. Vacatur of Void Order.

Vacate Judge Cobb's August 18, 2025 order (ECF No. 32) as void ab initio because it (a) contradicts Chief Judge Boasberg's July 17, 2025 protective order (ECF No. 24), (b) was unauthenticated and defective under FRCP 58, 77, and 79, and (c) unlawfully endangered Plaintiff and her minor children.

2. Reassignment.

   Reassign this matter to a new judicial officer, as Judge Cobb has a conflict of interest and cannot adjudicate a motion challenging her own order.

3. Resealing of Records.

   Immediately reseal Plaintiff's declaration, ACP address, HIPAA-protected medical records, sealed legal name change, and other trauma-related filings that were unlawfully unsealed in violation of the Chief Judge's protective ruling.

4. Sanctions Against Clerk.

   Sanction the Clerk's Office for misconduct in (a) releasing sealed filings, (b) failing to authenticate orders, and (c) failing to timely notify Plaintiff due to ACP delays, causing direct harm.

5. Certification of Orders.

   Direct the Clerk to issue certified copies of all orders in this case with (a) the official court seal, (b) clerk's attestation, and (c) PACER authentication headers. Declare any order lacking such certification non-binding until corrected.

6. Access and Service.

   a. Grant Plaintiff full access to her case files and confirm Defendants' attorneys of record.

   b. Require that all future court communications and party filings be served on Plaintiff by email in addition to ACP mailing.

7. ADA and Victim Accommodations.

   a. Appoint a designated ADA Coordinator for this case to ensure

accommodations, including extended deadlines for ACP delays.

   b. Appoint a Victim/Witness Coordinator to provide safety support, coordinate with DOJ, and ensure Plaintiff is informed of all proceedings.

8.  Status Conference.

   Schedule a status conference to address contradictions between orders, resealing, accommodations, discovery, and DOJ referral.

9.  Discovery and Protection of Evidence.

   Reinstate Plaintiff's right to pursue discovery, subpoenas, and compelled testimony to preserve and compel evidence Defendants admitted destroying (including CPS records, police reports, missing children's reports, financial fraud documents, and warranty deed fraud).

10. Referral to DOJ.

   Refer this case to the DOJ Civil Frauds Section and appropriate DOJ divisions for FCA intervention and investigation of reported crimes (including interstate stalking, unlawful kidnapping, destruction of evidence, identity theft, and trafficking).

11. Independent Oversight.

   Refer this matter to the Judicial Council of the D.C. Circuit for investigation into judicial misconduct and clerk misconduct.

12. Other Just Relief.

   Grant such other relief as this Court deems just and proper to protect Plaintiff and her minor children.

ADDENDUM TO CONCLUSION

Plaintiff further provides formal notice that any dismissal, denial, or adverse action taken against her in this matter without impartial judicial review, proper authentication of orders, and referral to DOJ would be deemed retaliatory in nature.

Such retaliation is prohibited under:

- Crime Victims' Rights Act (18 U.S.C. § 3771) – guaranteeing victims the right to fairness, dignity, and proceedings free from intimidation or retaliation;

- False Claims Act (31 U.S.C. § 3730(h)) – protecting relators from retaliation after exposing fraud;

- ADA Title II (42 U.S.C. § 12132) – prohibiting discriminatory denial of access to justice for disabled litigants;

- Executive Orders (2022–2025) protecting whistleblowers and trafficking victims from weaponization of federal process;

- International human rights obligations, including Plaintiff's pending IACHR petition under study.

Any further denial of access, sealing protections, or DOJ referral after Chief Judge Boasberg already recognized Plaintiff had exhausted all remedies would violate these protections and reinforce the ongoing pattern of judicial misconduct and retaliation.

PART IX – VICTIM IMPACT OF UNLAWFUL DISCLOSURE

As a victim, Plaintiff has now watched her entire life be leaked into the public record — her sealed declaration, her ACP-protected address, her sealed legal name change, her HIPAA-protected medical information, and sensitive evidence of trauma endured by her and her children.

Plaintiff fought for years to protect herself and her family, complying with every requirement placed upon her, including participation in the Address Confidentiality Program and filing under seal at the Chief Judge's direction. Yet all of those protections were undone in an instant by judicial misconduct and clerk negligence.

This betrayal of protections ordered by the Chief Judge has left Plaintiff retraumatized, endangered, and silenced. It has stripped away her dignity, her privacy, and her right to safety, violating the Crime Victims' Rights Act, the False Claims Act, the ADA, HIPAA, binding Executive Orders, and international human rights guarantees.

This Court must recognize the profound harm caused by the unlawful unsealing and ensure that Plaintiff and her children are not further victimized by the very system meant to protect them.

Respectfully submitted,

*Christine Etheredge*

**Christine Etheredge**, Pro Se

ACP Participant

Dated: August 26, 2025

**CERTIFICATE OF SIGNATURE AND EMAIL SUBMISSION**

This Certificate is provided to confirm that all filings submitted with my name are signed and sworn under penalty of perjury by me, and that any attached affidavits or motions are authorized and accurate as to the facts asserted. No notary is required under federal and state victim protection rules due to ACP participation, and I respectfully request that all identifying information remain sealed.

I further certify that a true and correct copy of the foregoing Notice to Clerk and Federal Agencies of Service and Sealed Evidence Filing in the District of Connecticut was served via mail and/or electronic submission, as permitted, upon the following:


Clerk of Court, U.S. District Court for the District of Columbia


Respectfully submitted,

*Christine Etheredge* **, Pro Se**

**Date: August 26, 2025**

**SWORN UNDER PENALTY OF PERJURY – NO NOTARY REQUIRED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHRISTINE A. ETHEREDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-01737 (UNA) |
| ) | |
| CURRITUCK COUNTY DSS *et al.*, ) | |
| ) | |
| Defendant. ) | |

## <u>ORDER</u>

Pending before the Court is Plaintiff's Second Motion for Leave to Proceed *in forma pauperis* (IFP). On July 17, 2025, Chief Judge Boasberg granted Plaintiff's motion to proceed under the pseudonym Christine A. Etheredge and granted in part and denied in part Plaintiff's Motion for Leave to File Under Seal. *See* Order, ECF No. 24. Judge Boasberg further ordered the original complaint be "kept under seal" and ordered Plaintiff to file "[w]ithin five days . . . a redacted version of her original Complaint on the public docket" and a "declaration containing her real name and residential address under seal." *Id.* Plaintiff has not complied with the Chief Judge's directives. Accordingly, it is

**ORDERED** that Plaintiff's amended motion for leave to proceed *in forma pauperis*, ECF No. 3, is **GRANTED**, and the initial IFP motion, ECF No. 2 is **DENIED** as moot; it is further

**ORDERED** that all other pending motions, ECF Nos. 6, 7, 8, 9, 11, 15, 17, 18, 19, 20, 26, 28, are **DENIED** without prejudice; and it is further

**ORDERED** that within **20 days** from the entry date of this Order, Plaintiff shall comply fully with Chief Judge Boasberg's order or suffer dismissal of the case without prejudice.

The Clerk of Court is directed to unseal the case.

```
                              _____/s/_____
                              JIA M. COBB
Date: August 18, 2025         United States District Judge
```