# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 25-7199** **September Term, 2025**

**1:25-cv-01737-UNA**

**Filed On:** July 15, 2026

Christine Etheredge, Pseudonym,

Appellant

v.

Currituck County DSS, et al.,

Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:** Walker, Childs, and Garcia, Circuit Judges

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the petition for writ of mandamus and the supplements thereto; the petition for writ of prohibition; the petition for writ of habeas corpus; the motion to supplement the record and the supplements thereto; and the motion for referral and the supplement thereto, it is

**ORDERED** that the motion to supplement the record be dismissed as moot in part and denied in part. To the extent that appellant seeks to supplement the record with documents filed in the district court, the motion is dismissed as moot. See Fed. R. App. P. 10(a)(1). The motion is otherwise denied because appellant has not shown a valid basis to supplement the record, see Colbert v. Potter, 471 F.3d 158, 165-66 (D.C. Cir. 2006), or for this court to order any of the other relief she seeks. It is

**FURTHER ORDERED** that the motion for referral be denied. Appellant has not shown any valid basis for the requested relief or that such relief is warranted. It is

**FURTHER ORDERED AND ADJUDGED** that, insofar as appellant challenges the denial of preliminary injunctive relief, the district court's orders entered August 19 and November 7, 2025, be affirmed. Appellant fails to show any error by the district court. See Winter v. NRDC, 555 U.S. 7, 20 (2008). It is

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 25-7199** **September Term, 2025**

**FURTHER ORDERED AND ADJUDGED** that the appeal otherwise be dismissed for lack of jurisdiction. Appellant has not shown that the challenged orders are final or otherwise appealable prior to entry of final judgment. See 28 U.S.C. § 1291; Khadr v. United States, 529 F.3d 1112, 1115 (D.C. Cir. 2008) (noting that the party asserting jurisdiction bears the burden of establishing it). It is

**FURTHER ORDERED** that the petition for writ of habeas corpus be dismissed for lack of jurisdiction. This court lacks jurisdiction to entertain an original petition for writ of habeas corpus. See Fed. R. App. P. 22(a); Felker v. Turpin, 518 U.S. 651, 660-61 (1996). It is

**FURTHER ORDERED** that the petitions for writs of mandamus and prohibition be dismissed in part and denied in part. Insofar as appellant seeks orders compelling or enjoining actions by non-parties, this court lacks jurisdiction to issue the requested writs because appellant has not shown that issuance of the writs would be in aid of this court's current or prospective jurisdiction. See 28 U.S.C. § 1651(a); In re Nat'l Nurses United, 47 F.4th 746, 752 (D.C. Cir. 2022). Insofar as appellant seeks a writ of mandamus sealing the district court case, or a writ of prohibition enjoining actions by appellees, the petitions are denied because appellant has not shown that she has no other adequate means to attain such relief or that her right to such relief is clear and indisputable. See In re United States, 143 F.4th 411, 423 (D.C. Cir. 2025). And, insofar as appellant seeks injunctive relief, she has not satisfied the stringent requirements for such relief. See Winter, 555 U.S. at 20; D.C. Circuit Handbook of Practice and Internal Procedures 33 (2025). It is

**FURTHER ORDERED**, on the court's own motion, that the Clerk not accept from appellant any further submissions in this case, except for one petition pursuant to Federal Rule of Appellate Procedure 40 and Circuit Rule 40, pending further order of the court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 25-7199** **September Term, 2025**

of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk